### 75341. HARTFORD INSURANCE COMPANY v. HENDERSON & SON, INC.
(367 SE2d 859)

McMURRAY, Presiding Judge.

Plaintiff Henderson & Son, Inc. filed this action on a debt against defendant The In-Store Media Corporation. Defendant The In-Store Media Corporation answered and filed its counterclaim against plain-

tiff Henderson & Son, Inc. alleging that plaintiff contracted to remove a printing press from its location in Maryland, disassemble the press, load the press onto transportation, transport the press to defendant's plant in Georgia and then reassemble the press. Defendant's counterclaim further alleged that plaintiff negligently supervised the loading of the disassembled printing press onto the trucks which were to be used to transport the printing press resulting in the load of one such truck shifting and the truck overturned causing the destruction of a portion of the printing press.

Henderson & Son, Inc. filed a third-party complaint alleging that it had contracted with third-party defendant Lee Way Motor Freight, Inc. to transport the printing press to Georgia and that while the press was in the possession and control of said third-party defendant the damage occurred which is complained of by defendant The In-Store Media Corporation. The third-party complaint of Henderson & Son, Inc. further alleges that third-party defendant Lee Way Motor Freight, Inc. was insured by third-party defendant Transport Indemnity Company and that by reason of contract, indemnity, implied warranty or express warranty or by way of contribution the third-party defendants will be liable over to the third-party plaintiff Henderson & Son, Inc. for all or part of any verdict or judgment rendered against the third-party plaintiff. The third-party defendants' answer alleged that the truck which overturned was owned and operated by Piedmont, Inc.

Lee Way Freight, Inc. and Transport Indemnity Company filed their fourth-party complaint alleging that they were entitled to recover from fourth-party defendant Piedmont, Inc. and its insuror fourth-party defendant Hartford Insurance Company, for any and all sums that may be recovered against them by the plaintiff or third-party plaintiff.

The fourth-party defendants filed their answer and fourth-party defendant Hartford Insurance Company filed its motion to dismiss for failure to state a cause of action, arguing in support thereof that "OCGA § 46-7-12 (e), Georgia's limited direct action statute," which permits under some circumstances the joinder of the motor carrier and the insurance carrier in the same action, does not apply. The state court denied the motion to dismiss of fourth-party defendant Hartford Insurance Company and subsequently this court granted the application of this fourth-party defendant for an interlocutory appeal. *Held*:

Before the state court, fourth-party plaintiffs Lee Way Motor Freight, Inc. and Transport Indemnity Company argued that their action against fourth-party defendant Hartford Insurance Company was proper because OCGA § 46-7-12 (e) does apply. However, subsequent to the state court's denial of the motion to dismiss of fourth-party

defendant Hartford Insurance Company this court rendered its decision in *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508 (359 SE2d 351).

In light of our decision in *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, supra, fourth-party plaintiffs Lee Way Motor Freight, Inc. and Transport Indemnity Company have abandoned their reliance on OCGA § 46-7-12 (e), but now argue that the policy of insurance (issued by fourth-party defendant Hartford Insurance Company to fourth-party defendant Piedmont, Inc.) was issued pursuant to a requirement of regulations of the Interstate Commerce Commission. See 49 USCA § 10927 (3) and 49 CFR 1043.1 (b).

Under the Civil Practice Act, an action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Jones v. Phillips*, 183 Ga. App. 11 (357 SE2d 853); *News-Press Pub. Co. v. Kalle*, 173 Ga. App. 411, 412 (2) (326 SE2d 582).

The fourth-party complaint alleges that fourth-party defendant Hartford Insurance Company provided fourth-party defendant Piedmont, Inc. with liability insurance for cargo hauled by Piedmont, Inc. and attached the pleadings arising from the main and third-party actions. Nothing in the fourth-party complaint or attached pleadings indicates whether the policy of insurance provided by fourth-party defendant Hartford Insurance Company was filed with and approved by the Interstate Commerce Commission in compliance with 49 USCA § 10927 (a) (3) and 49 CFR 1043.2 (c). Thus, as such may be proven by the fourth-party plaintiffs, rendering a direct action against fourth-party defendant Hartford Insurance Company proper under 49 USCA § 10927 (a) (3). (See *J. Aron & Co. v. Svc. Transp. Co.*, 486 FSupp. 1070, 1076 (11)). The trial court did not err in denying fourth-party defendant Hartford Insurance Company's motion to dismiss.

*Judgment affirmed. Beasley, J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED MARCH 16, 1988 —
REHEARING DENIED MARCH 30, 1988 —

*John P. Reale, Terry R. Howell, John W. Sherrod*, for appellant. *Charles V. Gandy, Jr., B. Morris Martin, K. Scott Graham, Edward L. Savell, W. Gordon Hamlin, Jr., Peter K. Kintz*, for appellee.