45739. HARTFORD INSURANCE COMPANY v. HENDERSON &
SON, INC. et al.
(371 SE2d 401)

GREGORY, Justice.

This court granted certiorari to consider whether 49 USCA § 10927 (a) (3) and 49 CFR § 1043.1 (b) authorize a direct action against a liability insurance carrier.

The lawsuit arose from a sale in 1983 of a used printing press by Henderson & Son, Inc. to The In-Store Media Corporation. Henderson contracted with Lee Way Motor Freight, Inc. to transport the press from Maryland to In-Store's plant in Georgia. Lee Way leased from Piedmont, Inc. a truck that overturned en route and damaged the equipment.

The litigation began when Henderson filed a complaint against In-Store, seeking to recover an indebtedness for services performed. In-Store filed a counterclaim, alleging that the truck overturned because Henderson negligently supervised the loading of the press.

Henderson then filed a third-party complaint against Lee Way and Lee Way's insurer, Transport Indemnity Company, alleging that

because the press was damaged while in Lee Way's control, Lee Way and Transport Indemnity should be liable to Henderson if Henderson were found liable to In-Store on the counterclaim.

Lee Way and Transport Indemnity then filed a fourth-party complaint against Piedmont and its insurer, The Hartford Insurance Company, alleging that because the press was damaged while in Piedmont's possession, Piedmont and Hartford should be liable to Lee Way and Transport Indemnity if the fourth-party plaintiffs were found liable to third-party plaintiff Henderson.

Hartford filed a motion to dismiss and argued that because Georgia's direct action statute, OCGA § 46-7-12, was inapplicable, the fourth-party plaintiffs had no direct action against the insurance company. The trial court denied the motion to dismiss, but issued a certificate for immediate review.

On March 16, 1988, the Court of Appeals affirmed. *Hartford Ins. Co. v. Henderson & Son, Inc.*, 186 Ga. App. 592 (367 SE2d 859) (1988). After the trial court denied Hartford's motion to dismiss, the Court of Appeals decided in *Glenn McClendon Trucking Company, v. Williams*, 183 Ga. App. 508, 509 (359 SE2d 351) (1987), that the Georgia direct action statute does not apply unless an insurance policy is issued with the approval of the Public Service Commission.

The fourth-party plaintiffs then abandoned their reliance on OCGA § 46-7-12, and argued instead that there was a direct action because the Hartford-Piedmont policy was issued pursuant to 49 USCA § 10927 (a) (3) and Interstate Commerce Commission regulation 49 CFR § 1043.1 (b).

The Court of Appeals affirmed the denial of the motion to dismiss because it did not appear beyond doubt that Lee ·Way and Transport Indemnity could prove no set of facts in support of their claim that would entitle them to relief in their fourth-party action.

The fourth-party complaint alleged that Hartford provided Piedmont with liability insurance for cargo hauled. Therefore, the Court of Appeals held that if Lee Way and Transport Indemnity could prove the policy was filed with and approved by the ICC in compliance with the statute and regulation, they would have a direct action against Hartford under 49 USCA § 10927 (a) (3) and *J. Aron & Co. v. Service Transp. Co.*, 486 FSupp. 1070, 1076 (1980).

The general rule is that because there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy. *Seaboard Coast Line R. Co. v. Freight Delivery Service,* 133 Ga. App. 92, 95-96 (210 SE2d 42) (1974).

We hold that 49 USCA § 10927 (a) (3) does not authorize a direct

action, but we agree with the Court of Appeals that the motion to dismiss should be denied and appellees should be given a chance to prove the existence of a direct action under a different theory.

The federal statute, 49 USCA § 10927 (a) (3), provides in part:

> The Commission may require a motor common carrier providing transportation under a certificate to file with the Commission a type of security sufficient to pay a shipper or consignee for damage to property of the shipper or consignee placed in the possession of the motor common carrier as the result of transportation provided under this subtitle.

This statute merely affords the ICC the discretionary power to require motor common carriers to be sufficiently secure or insured so as to be able to respond to a shipper's or consignee's claim for damages. *See Carolina Cas. Ins. Co. v. Underwriters Ins. Co.,* 569 F2d 304, 312 (5th Cir. 1978). Nothing in the language of the statute suggests that Congress intended to authorize a direct action.[1]

Although the plaintiff in *J. Aron* did sue an insurance carrier directly, the insurance carrier never argued that a third party not in privity of contract must obtain a final judgment before bringing an action against an insurance carrier. Because the direct action issue was not before the court in *J. Aron,* that case does not help interpret the federal statute.

Lee Way and Transport Indemnity also argued that the ICC endorsement to the policy, BMC Form 32, allows for a direct action. The endorsement may or may not allow for a direct action. This court cannot now decide that issue because the endorsement is not part of the record. A form attached to appellees' supplemental brief is not sufficient.

We find, however, that because appellees' complaint did adequately allege a direct action against appellant, the Court of Appeals correctly denied appellant's motion to dismiss. Although we hold that the federal statute does not authorize a direct action, Lee Way and Transport Indemnity may try to prove at trial the existence of a direct action under a different theory.

*Judgment affirmed. All Justices concur.*

---

[1] *Compare* OCGA § 46-7-12 (e), which clearly authorizes a direct action:
It shall be permissible under this article for any person having a cause of action arising under this article in tort or contract to join in the same action the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract.

496

Decided September 8, 1988.

*Drew, Eckl & Farnham, John P. Reale, John W. Sherrod,* for appellant.

*Savell & Williams, Edward L. Savell, Powell, Goldstein, Frazer & Murphy, W. Gordon Hamlin, Jr., Charles V. Gandy, Jr., Lokey & Bowden, Peter K. Kintz, McKenzie & McPhail, Morris Martin,* for appellees.