A90A2281. TRANSPORT INDEMNITY COMPANY et al. v.
HARTFORD INSURANCE COMPANY.
(401 SE2d 294)

McMURRAY, Presiding Judge.

This is the second appearance of the case sub judice before this Court. See *Hartford Ins. Co. v. Henderson & Son*, 186 Ga. App. 592 (367 SE2d 859), aff'd 258 Ga. 493 (371 SE2d 401). Upon the remand of the case to the state court, fourth-party defendant Hartford Insur-

ance Company moved for summary judgment. Lee Way Motor Freight, Inc., and Transport Indemnity Company, third-party defendants and fourth-party plaintiffs (appellants), appeal the grant of summary judgment in favor of Hartford Insurance Company. *Held*:

The notice of appeal directs that: "Inasmuch as the record is already in the Court of Appeals, the clerk will omit all *except* the following, which *will be* transmitted.

"1. Hartford's Motion for Summary Judgment filed October 19, 1988.

"2. The response to Hartford's Motion filed by Transport Indemnity Company and Lee Way Motor Freight, Inc. on November 18, 1988.

"3. The order granting Hartford's Motion for Summary Judgment filed June 5, 1990."

The clerk of the state court complied with the designation of record contained in the appellants' notice of appeal. Thus, the record, upon which our consideration of the present appeal must be made, consists of the record from the earlier appeal plus the subsequent items designated by appellants.

Upon reading the state court's order granting Hartford Insurance Company's motion for summary judgment, it is apparent that additional evidence was added to the record upon the remand of the case to the state court, including at least the endorsement to the insurance policy, BMC Form 32, which although not part of the record on the previous appeal was argued before the Supreme Court. *Hartford Ins. Co. v. Henderson & Son*, 258 Ga. 493, 495, supra. However, the record designated by appellants does not include any evidence added to the record following remand to the state court after the earlier appeal. In this regard, we note that the factual assertions contained in the parties' briefs to the state court are not evidence. *Butterworth v. Pettitt*, 223 Ga. 355, 357 (155 SE2d 20).

It is well established that the burden is on the party alleging error to show it affirmatively by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm. *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16); *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397 (370 SE2d 520); *Acker v. Jenkins*, 178 Ga. App. 393 (1) (343 SE2d 160). As appellants have omitted from the record some portion of the evidence upon which the state court relied, we must affirm.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

Decided December 4, 1990 —
Rehearing denied December 31, 1990 —

*Savell & Williams, Edward L. Savell,* for appellants.
*Drew, Eckl & Farnham, John P. Reale, L. Lee Bennett, Jr., John W. Sherrod,* for appellee.