A91A0825. DILLMAN et al. v. KAHRES.
(411 SE2d 43)

McMURRAY, Presiding Judge.

Bonnie N. Hartley, on behalf of her minor children Beth Dillman and Mark Dillman (plaintiffs), brought an action against Teresa Kahres (defendant) for intentional infliction of emotional distress, seeking damages for the emotional trauma her children allegedly experienced after they witnessed defendant recklessly drive an automobile "into a car parked in the front of Plaintiffs' house." Defendant denied the material allegations of the complaint and moved for summary judgment.

Plaintiffs' version of the facts shows that defendant collided a car into a vehicle that was parked in plaintiffs' front yard, a few feet from plaintiffs' house. The collision was the result of an emotionally-charged-high-speed chase between defendant and her estranged husband. The plaintiff children and their mother Bonnie N. Hartley were inside the house at the time of the collision, but the children heard noise from the collision and plaintiff Beth Dillman witnessed the collision.

The trial court granted defendant's motion for summary judgment. This appeal followed. *Held:*

The plaintiffs state in their notice of appeal that "[p]ortions of the record will be omitted where it does not pertain to any issue on appeal." Such omissions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal. *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266 (401 SE2d 294). This is particularly true under circumstances such as the case sub judice where the trial court states in its order on summary judgment that it considered the entire record before entering summary judgment. However, even considering those portions of the record plaintiffs apparently directed to this Court for review, we find no merit in plaintiffs' sole contention, i.e., that genuine issues of material fact remain as to the children's claim for emotional distress and mental pain and suffering.

"Georgia follows the so-called 'impact rule,' which requires that, there must have been actual bodily contact with plaintiff as a result of defendant's conduct for a claim for emotional distress to lie." *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 665 (2) (386 SE2d 146). More precisely, "the impact which will support a claim for damages for emotional distress must result in a physical injury." *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 665 (2), 666, supra. In the case sub judice, plaintiff does not allege, nor is there evidence in the record showing that plaintiff children suffered physical injury as a result of defendant's alleged wrongful acts. Nonetheless, plaintiffs contend they are entitled to recover damages for intentional infliction of emotional distress because of defendant's reckless, wilful and wanton conduct. We do not agree.

"Our Georgia decisions have permitted recovery for emotional distress without physical impact under circumstances where the wilful act was directed towards the plaintiff [and it] was the absence of this element of being 'directed towards the individual plaintiff' which was the basis of other decisions holding that without a showing of physical injury there was no cause of action for emotional harm." *Strickland v. Hodges*, 134 Ga. App. 909, 912 (216 SE2d 706). In the case sub judice, the record includes undisputed evidence that defendant's reckless conduct was not directed toward the plaintiff children. Consequently, the trial court did not err in granting defendant's motion for summary judgment. See *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 665 (2), 666, supra.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

212

*Allen W. Johnson*, for appellants.

*Dye, Miller, Tucker & Everitt, Benjamin H. Brewton*, for appellee.