A92A0565. MACKINNON v. HODGE et al.
(420 SE2d 341)

JOHNSON, Judge.

On August 4, 1989, Mackinnon entered into a written contract to purchase a house from Hodge for $112,000. On September 7, 1989, the same parties entered into another contract for the sale of the same real property at the same price. Both contracts state that the closing date shall be on or before September 22, 1989. The closing never took place. Thereafter, Hodge filed a complaint seeking specific performance by Mackinnon under both contracts. Hodge alleges that Mackinnon refused to appear at a closing scheduled on September 27, 1989. Mackinnon, proceeding pro se, filed a document in response to the complaint and gave a deposition. In both her answer and deposition, Mackinnon alleges that she appeared and was ready to go forward with the closing on September 27, 1989, and that it was Hodge who failed to appear at the closing. Hodge filed a motion for summary judgment, to which Mackinnon did not respond. The trial court granted the motion and ordered Mackinnon to pay damages totaling, $135,655.45, but not directing Hodge to convey the property to Mackinnon. Mackinnon appeals.

Mackinnon states that the trial court erred in granting summary judgment to Hodge. We agree and reverse the summary judgment order. "On consideration of summary judgments we and the trial court must look at the entire record." *Lawson v. Duke Oil Co.,* 155 Ga. App. 363, 364 (270 SE2d 898) (1980). "On motion for summary judgment the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt. The movant has the burden to prove the non-existence of any genuine issue of material fact, and in so determining, the court will treat the respondent's paper with considerable indulgence." (Punctuation and citations omitted.) *Haire v. City of Macon,* 200 Ga. App. 744, 746 (409 SE2d 670) (1991). Here, the record reveals a genuine issue of material fact as to whether the contracts, both of which require the closing to be held on or before September 22, 1989, lapsed when the closing was not held by that date. If, however, the parties waived the requirement that the closing take place by the date specified in the contracts, there is still a genuine issue of material fact as to which party breached the contracts by failing to close as scheduled. Both parties

allege that they were prepared to go forward with the closing scheduled on September 27, 1989, and that the opposing party failed to appear. In light of the genuine issues of material fact in this case, the trial court erred in granting summary judgment.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED JUNE 10, 1992.

*F. Robert Raley,* for appellant.
*McVay & Stubbs, Robert S. Stubbs III,* for appellees.