## A96A1661. PEACOCK et al. v. CAMPBELL.

### (478 SE2d 409)

McMURRAY, Presiding Judge.

Plaintiffs Billy and Jane Peacock filed this action for damages against defendant William Campbell. In 1985, defendant contracted to construct a house for plaintiffs which was completed on or about May 1, 1986. The complaint, which was filed on October 3, 1994, alleges a number of defects in the construction of the house and maintains that defendant fraudulently concealed the deficient construction so as to deceive plaintiffs and to induce them to believe that their home had been constructed in a workmanlike manner. Plaintiffs appeal a grant of summary judgment in favor of defendant based upon the superior court's conclusion that "the plaintiffs have failed to bring their claim of fraud within the applicable statute of limitations, have failed to demonstrate that the statute of limitations should be tolled, and have failed to raise a genuine issue of fact as to the existence of any fraudulent conduct on the part of the defendant. . . ." *Held*:

"The notice of appeal filed by plaintiffs is not in the form directed by OCGA § 5-6-37 in that, rather than designating portions of the record to be omitted on appeal, plaintiffs have instructed that only items listed on the notice of appeal be included in the record sent to this court. Under the statutory scheme, the notice of appeal provides information concerning omission of portions of the record before the lower court. Nonetheless, after study of the record sent up and communication with the clerk of the court below, it is apparent that under the directions contained in the notice of appeal, some portion of the evidence upon which the superior court relied in this case has been omitted from the record on appeal.

"It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm. *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16); *Jackson v. Dept. of Transp.*, 201 Ga. App. 863, 865 (412 SE2d 847); *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266 (401 SE2d 294); *Riverbend Ford-Mercury v. Kirksey*, 196 Ga. App. 307, 309 (1) (395 SE2d 898); *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397 (370 SE2d 520)." *Bennett v. Executive Benefits*, 210 Ga. App. 429 (436 SE2d 544).

" 'On consideration of summary judgments we and the trial court must look at the entire record.' *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980)." *MacKinnon v. Hodge*, 204 Ga. App. 539 (420 SE2d 341). Consequently, appellants who omit portions of the record which they view as not pertaining to any issue on appeal

create a probably fatal defect in their appeals. "Such omissions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal. *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266[, supra]." *Dillman v. Kahres*, 201 Ga. App. 210, 211 (411 SE2d 43). Since plaintiffs have omitted some evidence from the record on appeal, including at least the majority of defendant's deposition which is included in its entirety in the record below, we must presume that the grant of summary judgment in favor of defendant is properly supported by the superior court record.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Ruffin, J., concurs in the judgment only.*

DECIDED NOVEMBER 7, 1996 —
RECONSIDERATION DENIED NOVEMBER 20, 1996 —

*Gary C. Harris*, for appellants.
*R. Bruce Russell*, for appellee.