A97A1287. TAHAMTAN v. SAWNEE ELECTRIC MEMBERSHIP CORPORATION et al.
(491 SE2d 918)

BLACKBURN, Judge.

Amir Tahamtan appeals the trial court's grant of summary judgment to defendants Sawnee Electric Membership Corporation and Mike Goodroe on Tahamtan's claim for damages arising out of the defendants' alleged provision of false credit information to a credit reporting agency. For the reasons set forth below, we affirm.

Tahamtan filed his complaint on March 29, 1994, alleging that the defendants erroneously reported an outstanding debt to a credit reporting agency. Tahamtan apparently amended his complaint at some point, although this amendment is not contained in the record. On January 8, 1997, the trial court granted the defendants' supplemental motion for summary judgment on the grounds that all of Tahamtan's claims were barred by the statute of limitation.[1] It is from this order that Tahamtan appeals.

Other than Tahamtan's original complaint and the defendants' answer, the record on appeal does not contain any evidence considered by the trial court. In his amended notices of appeal, Tahamtan directed the clerk to forward only the complaint and answer, the defendants' supplemental motion for summary judgment and statement of material facts, Tahamtan's brief in response to the motion, and the trial court's order. Tahamtan did not request that the clerk forward a copy of his deposition testimony, which was expressly relied upon by the defendants in their motion.

"It is well established that the burden is on the party alleging error to show it affirmatively by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm." *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266 (401 SE2d 294) (1990). "Assertions of evidence in briefs or enumerations of error cannot satisfy this duty," (punctua-

---

[1] The court apparently had previously granted partial summary judgment to the defendants, although this order is not contained in the record on appeal.

tion omitted) *Arnold v. Brundidge Banking Co.*, 209 Ga. App. 278, 279 (433 SE2d 388) (1993), overruled on other grounds, *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 706 (463 SE2d 23) (1995), and factual assertions contained in the parties' briefs to the lower court are not evidence. *Transport*, supra.

"[O]missions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal." *Dillman v. Kahres*, 201 Ga. App. 210, 211 (411 SE2d 43) (1991). "[W]hen a portion of the evidence bearing upon the issue raised by the enumeration of errors is not brought up so that this court can make its determination from a consideration of all relevant evidence bearing thereon, an affirmance as to that issue must result." (Punctuation omitted.) *Brundidge*, supra at 279.

In *Williams v. Food Lion*, 213 Ga. App. 865 (446 SE2d 221) (1994), this Court affirmed a grant of summary judgment where "only a partial transcript of appellant's deposition testimony was forwarded to this court for appellate review. Examination of this testimony may have found additional unexplained conflicting testimony, or testimony which otherwise supported the grant of summary judgment to appellee. Access to the trial transcript would be necessary to determine whether the grant of summary judgment on behalf of appellee was right for any reason, and in the absence of the required transcript the judgment of the trial court must be affirmed." (Punctuation omitted.) Id. at 867 (3) (b).

Inasmuch "[a]s [Tahamtan has] omitted from the record some portion of the evidence upon which the [superior] court relied, we must affirm." *Transport*, supra at 266.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 11, 1997.

Amir A. Tahamtan, *pro se.*

*Hicks, Casey, Young & Barber, William T. Casey, Jr., Timothy K. Hall*, for appellees.