## A98A1687. ROACH v. ROACH.
### (514 SE2d 44)

McMURRAY, Presiding Judge.

Plaintiff Lillian Huckaby Roach filed this action for damages against her stepson, defendant James Everett Roach. The action arises from circumstances surrounding the final illness of James Austin Roach, the now deceased husband of plaintiff and father of defendant.

As amended, plaintiff's nine-count complaint seeks declaratory judgment, equitable relief, punitive damages, and attorney fees, along with damages arising from claims predicated on theories of tortious interference, slander, fraud, conversion, and diversion of property. Defendant filed three separate motions for partial summary judgment, and in two separate orders, the trial court granted summary judgment in favor of defendant as to all issues. Plaintiff appeals. *Held*:

"The notice of appeal filed by [plaintiff] is not in the form directed by OCGA § 5-6-37 in that, rather than designating portions of the record to be omitted on appeal, [plaintiff has] instructed that only items listed on the notice of appeal be included in the record sent to this court. Under the statutory scheme, the notice of appeal provides information concerning omission of portions of the record before the lower court. Nonetheless, after study of the record sent up and communication with the clerk of the court below, it is apparent that under the directions contained in the notice of appeal, some

portion of the evidence upon which the superior court relied in this case has been omitted from the record on appeal.

"It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm. *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16); *Jackson v. Dept. of Transp.*, 201 Ga. App. 863, 865 (412 SE2d 847); *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266 (401 SE2d 294); *Riverbend Ford-Mercury v. Kirksey*, 196 Ga. App. 307, 309 (1) (395 SE2d 898); *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397 (370 SE2d 520)." *Bennett v. Executive Benefits*, 210 Ga. App. 429 (436 SE2d 544).

" 'On consideration of summary judgments we and the trial court must look at the entire record.' *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980)." *MacKinnon v. Hodge*, 204 Ga. App. 539 (420 SE2d 341). Consequently, appellants who omit portions of the record which they view as not pertaining to any issue on appeal create a probably fatal defect in their appeals. "Such omissions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal. *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266(, supra)." *Dillman v. Kahres*, 201 Ga. App. 210, 211 (411 SE2d 43).

*Peacock v. Campbell*, 223 Ga. App. 620-621 (478 SE2d 409).

The appellate record designated by plaintiff contains only the evidence filed contemporaneously with the last one of three motions for partial summary judgment filed by defendant. The evidence filed in support of the two previous motions is not included in the appellate record. The superior court's order recites that it considered the "entire record." Since plaintiff has omitted some portion of the evidence upon which the superior court relied, we must affirm. *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485, 486 (491 SE2d 918); *Ferros v. Ga. State Patrol*, 211 Ga. App. 50, 51 (2) (438 SE2d 163).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 2, 1999 —
RECONSIDERATION DENIED MARCH 30, 1999 —

*Gerard D. Hegstrom*, for appellant.
*Deming, Parker, Hoffman, Green & Campbell, Richard A. Campbell*, for appellee.