A98A1746. REGENCY EXECUTIVE PLAZA UNIT OWNER'S ASSOCIATION, INC. et al. v. WILMOCK, INC. et al.
(514 SE2d 446)

McMURRAY, Presiding Judge.

This is an action for damages arising from moisture retention problems and resultant termite problems in the structure of a condominium office building complex. The plaintiffs are Regency Executive Plaza Unit Owner's Association, Inc., the association organized for the operation of the condominium, along with a number of representatives of unit owners and tenants. Numerous corporate and individ-

ual defendants were involved in the testing, manufacture, sale, installation, or inspection of the exterior insulation and finishing system, a synthetic stucco exterior with foam insulation backing, which was placed on the buildings in the complex, or provided pesticide treatment and related services for the buildings. The present appeal is taken by plaintiffs from the grant of summary judgment in favor of defendants Edward D. Garvin, Joy Garvin, and Daniel J. Sheehan Company, as well as the grant of partial summary judgment in favor of defendants Dryvit Systems, Inc., Wilmock, Inc., Marvin Dickey, d/b/a Southern Tile and Carpet Company, and Astro Pest Control Services of Savannah, Inc. *Held*:

> The notice of appeal filed by plaintiffs is not in the form directed by OCGA § 5-6-37 in that, rather than designating portions of the record to be omitted on appeal, plaintiffs have instructed that only items listed on the notice of appeal be included in the record sent to this court. Under the statutory scheme, the notice of appeal provides information concerning omission of portions of the record before the lower court. Nonetheless, after study of the record sent up and communication with the clerk of the court below, it is apparent that under the directions contained in the notice of appeal, some portion of the evidence upon which the superior court relied in this case has been omitted from the record on appeal.
>
> It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm. *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16); *Jackson v. Dept. of Transp.*, 201 Ga. App. 863, 865 (412 SE2d 847); *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266 (401 SE2d 294); *Riverbend Ford-Mercury v. Kirksey*, 196 Ga. App. 307, 309 (1) (395 SE2d 898); *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397 (370 SE2d 520).

*Bennett v. Executive Benefits*, 210 Ga. App. 429 (436 SE2d 544).

> " 'On consideration of summary judgments we and the trial court must look at the entire record.' *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980)." *MacKinnon v. Hodge*, 204 Ga. App. 539 (420 SE2d 341). Consequently, appellants who omit portions of the record which they view as not pertaining to any issue on appeal create a

probably fatal defect in their appeals. "Such omissions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal. *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266(, supra)." *Dillman v. Kahres*, 201 Ga. App. 210, 211 (411 SE2d 43).

*Peacock v. Campbell*, 223 Ga. App. 620 (478 SE2d 409).

The appellate record designated by plaintiffs omits portions of a dozen or more depositions which were included in their entirety in the record below and were presumably considered by the superior court in reaching its decision. Some parts of this evidence are included in the record on appeal because it was designated by one or more of the defendants. However, the defendants as appellees do not share the appellants' responsibility to show error affirmatively by the record, a record which continues to omit some portion of no less than eight depositions. The missing portions of the depositions must be presumed to contain evidence authorizing the judgment of the superior court. Since plaintiff has omitted some portion of the evidence upon which the superior court relied, we must affirm. *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485, 486 (491 SE2d 918); *Ferros v. Ga. State Patrol*, 211 Ga. App. 50, 51 (2) (438 SE2d 163).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 11, 1999 —
RECONSIDERATION DENIED MARCH 22, 1999 —

*Eugene C. Brooks IV*, for appellants.

*Brannen, Searcy & Smith, Daniel C. Cohen, McLain & Merritt, William S. Sutton, Henderson & Henderson, Devaul L. Henderson, Jr., Beckmann & Pinson, Walter W. Ballew III*, for appellees.