## A03A1117. LIGON v. LUMPKIN COUNTY et al.
### (582 SE2d 504)

BLACKBURN, Presiding Judge.

Acting pro se, Melvin K. Ligon sued Lumpkin County, Sheriff Jimmy Berry, and Commissioner Charles Ridley for false arrest, malicious prosecution, dereliction of duty, and malfeasance. Apparently, Ligon's lawsuit was the culmination of a longstanding property dispute between Ligon and his neighbors in Lumpkin County. Although Ligon now seeks to contest the summary judgment obtained by the defendants, we must affirm due to his failure to include key portions of the record required for appellate review.

In granting summary judgment, the trial court found that sovereign immunity foreclosed Ligon's claims against Lumpkin County and the individual defendants in their official capacities. In addition, the trial court decided that the evidence failed to demonstrate "any cognizable claim against Commissioner Charles Ridley upon which relief may be granted." The trial court also determined that Ligon failed to establish that Sheriff Berry had negligently performed a ministerial duty or performed a discretionary function with actual malice toward Ligon.

On appeal, the burden is on the appealing party to show error affirmatively by the record. *Dillman v. Kahres.*[1] When that burden is not met, the judgment in issue is assumed to be correct and must be affirmed. *Johnson v. Collins.*[2] When an appellant fails to include evidence considered by the court on summary judgment, that omission is generally fatal. *Tahamtan v. Sawnee Elec. Membership Corp.*[3]

Here, in filing his amended notice of appeal, Ligon asked only for the inclusion of the original complaint, the answer, and the order to dismiss the case. Therefore, in the absence of any evidence of record

[1] *Dillman v. Kahres*, 201 Ga. App. 210, 211 (411 SE2d 43) (1991).

[2] *Johnson v. Collins*, 221 Ga. App. 182 (470 SE2d 780) (1996).

[3] *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485, 486 (491 SE2d 918) (1997).

to the contrary, we must assume the correctness of the trial court's judgment and affirm. See *White v. Arthur Enterprises.*[4]
 *Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MAY 13, 2003 —
RECONSIDERATION DENIED JUNE 2, 2003 —

Melvin K. Ligon, *pro se.*
*Terry E. Williams & Associates, Terry E. Williams, Gary K. Morris, Jason C. Waymire,* for appellees.

---

[4] *White v. Arthur Enterprises*, 219 Ga. App. 124 (2) (464 SE2d 225) (1995).