A07A1532. JONES et al. v. EQUIPMENT KING
INTERNATIONAL.
(652 SE2d 811)

RUFFIN, Judge.

Equipment King International ("EKI") sued Steve Jones and Advanced Motor, Inc. (collectively, "the defendants") in magistrate court, claiming that the defendants failed to pay for farming equipment allegedly purchased on consignment. The defendants answered, denying liability and asserting a counterclaim for breach of contract relating to a separate real estate transaction.

Noting that the counterclaim was beyond the magistrate court's jurisdiction, the defendants requested that the case be transferred to the superior court, and the magistrate court obliged. Following the transfer, the superior court granted EKI summary judgment on EKI's

---

[20] *Griffiths v. Rowe Properties*, 271 Ga. App. 344, 345 (2) (609 SE2d 690) (2005) (citation omitted).

claims, as well as the defendants' counterclaim, and the defendants appeal. For reasons that follow, we affirm in part and reverse in part.

1. We first address the trial court's award of summary judgment to EKI on the defendants' counterclaim. Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1]

EKI argued below that the real estate sales contract at issue in the counterclaim lacked an essential term — a definite purchase price for the property — and thus was unenforceable. The trial court agreed. It found the purchase price to be "negotiable" and indefinite, undermining the contract's validity and entitling EKI to summary judgment.

The purchase price is an essential term of a real estate sales contract.[2] Thus, " 'an alleged contract on which there is no firm agreement as to the price is unenforceable.' "[3] An agreement that leaves an essential contract term, such as price, to future negotiation is similarly nonbinding.[4]

Recognizing these basic legal principles, the defendants argue that the purchase price in the real estate sales contract was, in fact, definite. In pursuing their appeal, however, the defendants elected to transmit to this Court an extremely limited record. And that record does *not* include a copy of the sales contract.

The defendants claim on appeal that the contract "was attached to [EKI's] motion for summary judgment." But although the brief supporting the motion for summary judgment appears in the appellate record, the record does not contain the actual motion. We note that the defendants originally requested that the record include the motion for summary judgment. They then amended their notice of appeal to remove the motion from the list of items to be transmitted to this Court. Moreover, the defendant's appellate brief provides no record citation for the contract.[5]

---

[1] See OCGA § 9-11-56 (c).

[2] See *Chong v. Reebaa Constr. Co.*, 284 Ga. App. 830, 832 (1) (a) (645 SE2d 47) (2007).

[3] Id. at 832-833.

[4] See *Coldmatic Refrigeration of Canada v. Hess*, 257 Ga. App. 753, 754 (1) (572 SE2d 6) (2002).

[5] The defendants attached a copy of the real estate sales contract to their appellate brief, purportedly for this Court's "convenience." As we have previously held, however, " '[a] brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief of either party.' " *James v. Hosp. Auth. of the City of Bainbridge*, 278 Ga. App. 657, 660 (2) (629 SE2d 472) (2006).

The appealing party bears the burden of showing error affirmatively by the record.[6] And " 'where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm.' "[7] In granting summary judgment to EKI, the trial court construed the real estate sales contract and its language. The defendants elected to omit from the appellate record the pleading that they contend contained a copy of the contract. They have directed us to no other portion of the record that might include the contract, and our review of the record has not revealed a copy. Accordingly, we must presume that the trial court properly found the real estate sales contract unenforceable.[8]

The defendants also argue on appeal that the validity of the real estate sales contract is irrelevant because their counterclaim is based not on that contract, but on breach of a separate, independent contract to extend the closing date of the sales transaction. They admitted below, however, that the real estate sales contract formed the basis for their counterclaim, and they never asserted at the trial level that another enforceable agreement supported their cause of action. We will not reverse an award of summary judgment based on an argument raised for the first time on appeal.[9] And given the state of the record, we must conclude that the trial court properly granted summary judgment to EKI on the defendants' counterclaim.[10]

2. We agree with the defendants, however, that EKI was not entitled to summary judgment on its claims. EKI alleged in its complaint that the defendants breached various contracts by failing to pay for farming equipment purchased on consignment. In moving for summary judgment, EKI argued that the defendants had not disputed the failure to pay. The trial court granted EKI summary judgment on these claims, apparently agreeing that the defendants failed to dispute — and thus admitted — the allegations in the complaint.

The record shows that the defendants answered EKI's complaint in magistrate court, stating generally that they "den[ied] any and all indebtedness or liability to [EKI]." They did not specifically respond

---

[6] See *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485 (491 SE2d 918) (1997).

[7] Id.

[8] See *Regency Executive Plaza Unit Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 194-195 (514 SE2d 446) (1999); *Tahamtan*, supra at 485-486.

[9] See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

[10] See *Coldmatic*, supra at 756 (summary judgment for defendant on plaintiff's breach of contract claim appropriate where key terms of contract were incomplete and subject to future negotiation, rendering contract unenforceable).

to the individual allegations in the complaint. As it argued below, EKI asserts that such failure left those allegations unanswered and, therefore, admitted. Under OCGA § 15-10-43 (c), however, an answer to a complaint filed in magistrate court need only "admit or deny the claim of the plaintiff." Nothing in the statute requires that the answer specifically address each allegation in the complaint. In fact, the statutory framework permits a defendant to provide an *oral* answer, which is then reduced to writing by the magistrate court judge or clerk.[11]

On appeal, EKI argues that our decision in *Stuckey's Carriage Inn v. Phillips*[12] required a specific answer to each allegation in the complaint. We disagree. The *Stuckey's* decision involves application of the Civil Practice Act ("CPA"), which does not govern magistrate court proceedings.[13] Moreover, *Stuckey's* holds that if a defendant *fails* to answer an allegation, that allegation is deemed admitted.[14] But it does not prohibit a defendant from controverting liability through a general denial.[15] And use of a general denial is explicitly permitted by OCGA § 9-11-8 (b).[16]

Pretermitting whether the defendants' answer met the requirements for a general denial under the CPA, it constituted a sufficient response in magistrate court. Although the defendants did not specifically respond to each allegation in the complaint, they denied any liability or indebtedness to EKI, satisfying OCGA § 15-10-43 (c).[17] Accordingly, the trial court erred in finding the defendants' denial insufficient and in granting summary judgment to EKI on its claims for payment and attorney fees.[18]

---

[11] See OCGA § 15-10-43 (c); Uniform Magistrate Court Rule 34.

[12] 122 Ga. App. 681 (178 SE2d 543) (1970).

[13] See OCGA § 15-10-42; UMCR 38; but see *Howe v. Roberts*, 259 Ga. 617, 619 (1) (385 SE2d 276) (1989) (magistrate courts *may* "follow the provisions of the Civil Practice Act, or any other appropriate rules and regulations relating to pleading, practice, and procedure, where to do so would 'administer justice' ").

[14] See *Stuckey's*, supra at 690 (4).

[15] See id. (recognizing that the CPA permits a general denial, but explaining that a general denial does not raise an issue as to a purported corporate defendant's legal existence; the defendant must raise such issue by "direct negative averment" to avoid waiver).

[16] See also *Universal Underwriters Ins. Co. v. Albert*, 248 Ga. App. 415, 415-416 (1) (546 SE2d 361) (2001) ("If a defendant intends to controvert all the allegations in a complaint, she may . . . file a general denial."); *Grier v. Skinner's Furniture Store of Newnan*, 180 Ga. App. 607, 608 (1) (349 SE2d 826) (1986) (answer filed in magistrate court stating that defendant denied the allegations in plaintiff's complaint constituted a general denial sufficient to controvert the specific allegations and place plaintiff on notice that it would have to prove all elements of its case to recover).

[17] See also *Grier*, supra (defendants' answer "must be construed in the light most favorable to the pleader with all doubts resolved in [their] favor even though unfavorable constructions are possible") (punctuation omitted).

[18] See id.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 21, 2007 —
RECONSIDERATION DENIED OCTOBER 19, 2007.

*Harvey S. Wasserman*, for appellants.
*Schwerd & Schwerd, Daniele C. Johnson*, for appellee.