**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 30, 2023**

# In the Court of Appeals of Georgia

A23A0411.  MODI  v.  INDIA-AMERICAN  CULTURAL
ASSOCIATION, INC.

BROWN, Judge.

Girish Modi, proceeding pro se, filed a complaint for declaratory judgment and injunctive relief against the India-American Cultural Association, Inc. ("IACA"), which he amended four times. After Modi filed his fourth amended complaint, IACA filed a motion to dismiss, for summary judgment, and for attorney fees under OCGA § 9-15-14. The trial court entered a 17-page order dismissing Modi's complaint for failure to state a claim, granting summary judgment to IACA, and awarding attorney fees to IACA in the amount of $65,000. After this Court granted Modi's application for discretionary appeal, Modi filed this direct appeal of the trial court's order.[1]

---

[1] This Court granted Modi's discretionary application because the trial court's order was subject to direct appeal. This Court previously affirmed the trial court's

Because Modi has failed to show that the trial court erred, we affirm its dismissal of his complaint and its grant of summary judgment to IACA. However, due to Modi's filing of a bankruptcy petition and the automatic stay triggered thereby, we remand the portion of the appeal involving the attorney fees award, so the trial court can enter a stay pending the resolution of Modi's bankruptcy proceedings.

1. In his appellate brief, Modi challenges the trial court's OCGA § 9-15-14 award of attorney fees to IACA, issued on July 27, 2022. However, on November 8, 2022, Modi filed a petition for bankruptcy under Chapter 13 of the U. S. Bankruptcy Code in the U. S. Bankruptcy Court for the Northern District of Georgia. IACA has filed a motion to remand the appeal to the trial court, arguing that Modi's filing of the bankruptcy petition operates as an automatic stay on all proceedings involving him that were commenced before the filing of such petition, and that this Court does not have the power to stay an appeal.

The filing of a bankruptcy petition automatically operates as a stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the" filing of such petition. 11

_____

denial of Modi's request for an interlocutory injunction in an unpublished opinion. Case No. A21A1502 (Dec. 7, 2021).

2

USC § 362 (a) (1). "The appellate courts of this State are constitutionally required to dispose of every case at the term of court for which it is entered on the courts' dockets for hearing or at the next term of court, and so this Court does not have the power to stay a case." *Ironwood Capital Partners v. Jones*, 355 Ga. App. 371, 374-375 (1) (844 SE2d 245) (2020); see Ga. Const. of 1983, Art. VI, Sec. IX, Par. II. Instead, to the extent a bankruptcy stay applies, this Court will remand the appeal to the trial court until the stay of proceedings is lifted, at which time the appellant may re-institute the appeal by filing a new notice of appeal in the trial court within 30 days of the date of the entry of the order in the bankruptcy court lifting the stay. See *Boardman v. Brenninkmeijer*, 328 Ga. App. 882, 883-884 (763 SE2d 267) (2014).

"The applicability of the [automatic] stay is determined by whether the commencement or continuation of a judicial action or proceeding is *against* the debtor." (Emphasis in original.) *Boardman*, 328 Ga. App. at 884; see also *Gen. Motors Acceptance Corp. v. Yates Motor Co.*, 159 Ga. App. 215, 217 (2) (283 SE2d 74) (1981) ("The purpose of an automatic stay of proceedings against the debtor is to prevent the dissipation of the bankrupt's assets and to avoid the multiplicity of claims in different forums against the estate. The automatic stay is broad in scope and applies in almost any type of action against the debtor or the property of the estate.")

3

(Citation and emphasis omitted). "The automatic stay provision . . . does not extend to lawsuits initiated by the debtor." *Crosby v. Monroe County*, 394 F3d 1328, 1331 (II), n.2 (11th Cir. 2004). Because the trial court's award of attorney fees to IACA involves a "judicial . . . action or proceeding against the debtor," it is subject to the automatic stay, and we cannot address Modi's challenge to it with the stay in place. See *Ironwood Capital Partners*, 355 Ga. App. at 375 (1). However, the automatic stay does not prevent us from addressing Modi's challenge to the trial court's dismissal of his complaint and its grant of summary judgment to IACA, because those rulings involve claims brought by the debtor, Modi. See id. at 375-376 (1).

Accordingly, we grant in part IACA's motion to remand. As discussed below, we affirm the trial court's dismissal of Modi's complaint and its grant of summary judgment to IACA, but we remand the portion of the appeal involving its award of attorney fees to IACA so it can enter a stay pending the resolution of Modi's bankruptcy proceedings. Upon the resolution of the bankruptcy proceedings or the bankruptcy court's lifting of the automatic stay, Modi may re-institute the appeal by filing a new notice of appeal in the trial court within 30 days. See *Ironwood Capital Partners*, 355 Ga. App. at 376 (1). While an appeal of an attorney fees award under OCGA § 9-15-14 is generally subject to the discretionary application procedure under

4

OCGA § 5-6-35 (a) (10), a direct appeal is permitted when the award "is appealed as part of a judgment that is directly appealable." (Citation and punctuation omitted.) *Mitcham v. Blalock*, 268 Ga. 644, 646-647 (4) (491 SE2d 782) (1997). Because the instant appeal is from a judgment that is directly appealable, Modi will not be required to comply with the discretionary application procedure in order to re-institute his appeal of the attorney fees award.

2. We note that Modi's appellate brief fails to comply with our Court rules.[2] The brief does not include an enumeration of errors, a statement of the case setting out the material facts relevant to the appeal, or an argument section that follows the order of the enumeration of errors. See Court of Appeals Rule 25 (a) (4), (5), (7). Significantly, the brief "does not contain proper citations to the specific page numbers of the [appellate] record . . . that are essential to consideration of [any] enumerated errors." *Tucker v. Crystal Clear Luxury Pools*, 361 Ga. App. 369 (864 SE2d 462) (2021); see also Court of Appeals Rule 25 (d) (1), (2). "[T]he burden is upon the party

---

[2] Modi's appellate brief purports to adopt all of the brief he filed in support of his application for discretionary appeal. See Court of Appeals Rule 23 (a). Such adoption is inappropriate here. Modi's appellate brief is 16 pages long, while the brief in support of his discretionary application was 33 pages long. See Court of Appeals Rule 24 (f) (2) (briefs are limited to 30 pages in civil cases). The purpose of adopting briefs is to increase efficiency, not to allow a party to essentially file two briefs.

alleging error to show it affirmatively in the record, and appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." (Citation and punctuation omitted.) *Tucker*, 361 Ga. App. at 370. While Modi's brief cites to and relies upon materials from the trial court's record and his application for discretionary appeal, we generally may not consider such materials where, as here, they "have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court." (Citation and punctuation omitted.) *Monk v. Parker*, 331 Ga. App. 736 (771 SE2d 424) (2015).

"Although [Modi is] proceeding pro se, [he is] not relieved of [his] obligation to conform to this Court's rules." *Tucker*, 361 Ga. App. at 370. "The rules of this Court are not intended to provide an obstacle for the unwary or the pro se appellant; however, briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's contentions on appeal." (Citation and punctuation omitted.) Id. Because Modi has failed to support his arguments with any citations to the appellate record, he has abandoned his arguments to the extent that it is not possible to review them. See *Bennett v. Quick*, 305 Ga. App. 415, 416-417 (699 SE2d 539) (2010); *Rice v. Baker*, 264 Ga. App. 704, 705 (2) (592 SE2d 186) (2003); Court of Appeals Rule 25 (d) (1). However, we have reviewed the record,

6

which is very limited, and we have addressed the merits of Modi's arguments to the extent it is possible to do so. See *Bennett*, 305 Ga. App. at 416-417; *Paden v. Rudd*, 294 Ga. App. 603, 604 (1) (669 SE2d 548) (2008). As discussed below, the record does not support these arguments.

3. Modi argues that the claims in his fourth amended complaint had merit in that they were sufficiently pled to survive a motion to dismiss and supported by evidence sufficient to survive summary judgment. However, the appellate record does not contain the fourth amended complaint or the evidence the trial court relied upon in granting summary judgment to IACA, which included multiple affidavits.[3] Indeed, Modi's notice of appeal stated that the trial court clerk should only include the trial court's order in the appellate record.[4] "It is well established that the burden is on the party alleging error to show it affirmatively by the record and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Citation and punctuation omitted.) *Moulton v. Wood*, 265 Ga. App. 389 (593 SE2d

---

[3] The fourth amended complaint and the affidavits were not part of the record in Modi's application for discretionary appeal or Case No. A21A1502.

[4] IACA designated additional materials to be included in the appellate record, but these materials did not include the fourth amended complaint or the affidavits.

7

911) (2004). In the absence of the fourth amended complaint and the evidence the trial court relied upon in granting summary judgment to IACA, Modi cannot show that the trial court erred in dismissing the complaint or in granting summary judgment. See id. at 390; *Ligon v. Lumpkin County*, 261 Ga. App. 435, 435-436 (582 SE2d 504) (2003).

4. Modi argues that the trial court erred in announcing its decisions by email instead of by order. While Modi's appellate brief purportedly contains an email from the trial court announcing its decisions, we cannot consider this email because it is not in the appellate record. "[F]actual assertions in appellate briefs . . . not otherwise supported by evidence of record cannot be considered on appellate review." (Citation and punctuation omitted.) *In/Ex Systems v. Masud*, 352 Ga. App. 722 (1) (835 SE2d 799) (2019). "Furthermore, exhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this [C]ourt." (Citation and punctuation omitted.) Id.; see also Court of Appeals Rule 24 (g). Thus, this argument lacks merit.

5. Modi argues that the trial court's order was defective because it was drafted by IACA's counsel and it ignored his evidence and arguments. However, "[t]he trial judge is presumed to know the law and presumed to faithfully and lawfully perform

8

his or her duties. We will not presume the trial court committed error where that fact does not affirmatively appear in the record." (Citation omitted.) *Johnson v. Equicredit Corp.*, 238 Ga. App. 380 (1) (517 SE2d 353) (1999). Indeed, a review of the trial court's 17-page order indicates that the court carefully considered Modi's claims, the evidence, and the parties' arguments. "That the written order was proposed by [IACA's] counsel does not mean that the trial judge did not exercise his discretion regarding its contents." *Mondy v. Magnolia Advanced Materials*, 303 Ga. 764, 773 (4) (b) (815 SE2d 70) (2018).

In conclusion, we affirm the trial court's dismissal of Modi's complaint and its grant of summary judgment to IACA. However, we remand the portion of the appeal involving the attorney fees award, so the trial court can enter a stay pending the resolution of Modi's bankruptcy proceedings.

*Judgment affirmed in part and case remanded in part. McFadden, P. J., and Markle, J., concur*.