### A00A0065. WHEELING-CULLIGAN et al. v. ALLEN.
(533 SE2d 797)

JOHNSON, Chief Judge.

In 1994, Kathryn Wheeling-Culligan and a number of other flight attendants ("Wheeling-Culligan") sued Delta Air Lines in a Florida court for alleged breach of contract. In 1998, Wheeling-Culligan served Ronald Allen, who retired from his position as Chief Executive Officer and Chairman of the Board of Delta in 1997, with a subpoena for his deposition. Allen lives in Fulton County, Georgia. Allen filed a motion for a protective order and a motion to quash the subpoena in Fulton County Superior Court. The Fulton County Superior Court judge granted the motion for a protective order and stayed ruling on the motion to quash pending the service of and response by Allen to 75 interrogatories.

Thereafter, the Fulton County Superior Court judge held another hearing to review Allen's interrogatory responses and to rule on Allen's motion to quash the deposition subpoena. The judge quashed the deposition subpoena, finding that Allen adequately responded to the interrogatories and that Wheeling-Culligan had

---

[2] (Citations and punctuation omitted.) *Stirling v. State*, 199 Ga. App. 877 (406 SE2d 282).

alternate sources with more direct, specific or unique knowledge of the matters of which she sought to depose Allen. Wheeling-Culligan appeals this ruling. We affirm the decision of the trial court as the appellate record is inadequate to permit this Court to do otherwise.

It is well established that the burden is on the party alleging error to show it affirmatively by the record and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.[1] It is clear from the parties' briefs that the appellate record before us does not include all the evidence considered by the trial court. While both parties refer extensively to the 75 interrogatories answered by Allen, neither the interrogatories nor Allen's responses are a part of the record before us. Accordingly, we must assume that the trial court's order quashing Allen's deposition subpoena was properly supported by the evidence before the trial court, and we must affirm.

*Judgment affirmed. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

### ON MOTION FOR RECONSIDERATION.

The appellants filed a motion for reconsideration requesting that we reconsider our opinion in this case because the appellate record has now been supplemented to include the 75 interrogatories and Allen's responses. The appellants filed their appellate brief on September 13, 1999, noting that the interrogatories and responses were missing and would be included by supplemental record. The record was not supplemented, and on April 18, 2000, we decided the case without the missing documents.

On April 24, 2000, this Court received the supplemental record, including the interrogatories and responses, and on April 28, 2000, the appellants filed their motion for reconsideration. The appellants claim they "should not be penalized for the Clerk of the Superior Court of Fulton County's failure to timely supplement the record pursuant to a lawful court order." However, the appellants overlook the basic premise that they are responsible for ensuring that the record before this Court is complete.[2]

It is the primary responsibility of the appropriate parties and not this court to ensure that all documents relevant to the disposition of an appeal be duly filed with the clerk of this court prior to the issuance of our appellate decision.

---

[1] *Enchanted Valley &c. v. Weese*, 241 Ga. App. 415, 417 (1) (c) (526 SE2d 124) (1999).
[2] See *Long v. City of Midway*, 165 Ga. App. 602, 603 (302 SE2d 372) (1983).

778

This appellant did not do. Appellant cannot now perfect a deficiency in his appeal by the belated filing of records, which were missing through no fault of this court at the time of our appellate disposition of this case.[3]

Moreover, as a general appellate rule adopted as necessary to effectuate our appellate judgments,

> it is the state of an appellate record and transcript duly before us at the time of our original disposition of an appeal, and not the state of the record as amended in an attempt to support an appellate position argued on motion for reconsideration, that is controlling as to the adequacy of the record for purposes of appellate review.[4]

We may not now properly reconsider the case using documents provided to this Court after the issuance of our opinion. The appellants' motion for reconsideration is hereby denied.

*Motion for reconsideration denied.*

DECIDED APRIL 18, 2000 —
RECONSIDERATION DENIED MAY 3, 2000 — 

*Jacobs & Slawsky, David J. Worley,* for appellants.
*Rogers & Hardin, Hunter R. Hughes III, Daniel D. Zegura,* for appellee.

---

[3] *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221) (1994); see also *Perimeter Realty v. GAPI, Inc.*, 243 Ga. App. 584, 597 (533 SE2d 136) (2000) (on motion for reconsideration).

[4] (Citation omitted.) Id. at 598 (on motion for reconsideration); see also our unpublished opinion in *Downs v. C.D.C. Fed. Credit Union*, 230 Ga. App. XXVII (1998).