A03A2316. MOULTON et al. v. WOOD et al.
(593 SE2d 911)

MILLER, Judge.

Pamela Moulton, individually and as natural guardian of her son, sued Michael Wood, Michael Wood, Jr., and Integra Acceptance Corporation for false imprisonment and wounded feelings as a result of their conduct during the repossession of a car. Moulton appeals the trial court's grant of summary judgment to the individual defendants. We affirm because Moulton failed to include in the appellate record the evidence before the trial court at the time it granted summary judgment.

In her notice of appeal, Moulton requested that the clerk *include only* the complaint, amended complaint, and all filings *after* the defendants' motion for summary judgment. This notice of appeal "is not in the form directed by OCGA § 5-6-37 in that, rather than designating [the] portions of the record to be omitted on appeal, plaintiff[ ] [has] instructed that only [the] items listed on the notice of appeal be included in the record sent to this court." *Regency Executive Plaza Unit Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 194 (514 SE2d 446) (1999). OCGA § 5-6-37 is designed to allow appellate courts to determine if the record before them contains the same evidence that was before the trial court at the time it ruled. Id.

" 'On consideration of summary judgments we and the trial court must look at the entire record.' [Cit.]" *Mackinnon v. Hodge*, 204 Ga. App. 539 (420 SE2d 341) (1992). "It is well established that the burden is on the party alleging error to show it affirmatively by the record and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Footnote omitted.) *Wheeling-Culligan v. Allen*, 243 Ga. App. 776, 777 (533 SE2d 797) (2000); see *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16) (1981).

Consequently, appellants who omit portions of the record which they view as not pertaining to any issue on appeal create a probably fatal defect in their appeals. Such omissions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it

must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal.

(Citations and punctuation omitted.) *Regency Executive*, supra, 237 Ga. App. at 194-195.

We have determined, after study of the record sent up and communication with the clerk of the court below, that the discovery responses of the parties, which were filed before the motion for summary judgment, have been omitted based on the record designation in Moulton's notice of appeal. Moreover, an affidavit and a deposition cited in the summary judgment documents are not in the record before us. Since Moulton omitted material evidence from the record on appeal, we must presume that the superior court record properly supports the grant of summary judgment in favor of defendants. *Regency Executive*, supra, 237 Ga. App. at 195; *Bennett v. Executive Benefits*, 210 Ga. App. 429 (436 SE2d 544) (1993).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 2, 2004.

*Ralph L. Phillips*, for appellants.
*Meacham & Earley, Christopher L. Meacham, Howard J. Stiller*, for appellees.