## A09A1505. REDFORD v. COLLIER HEIGHTS APARTMENTS et al.

(679 SE2d 120)

BLACKBURN, Presiding Judge.

Acting pro se, Mike Redford sued Collier Heights Apartments and National Credit Systems, Inc., claiming that Collier Heights improperly filed an eviction action against him in 2003, improperly won a judgment against him for unpaid rent, and improperly reported his failure to pay that judgment to the various credit reporting agencies. He further alleges that these acts constituted libel, defamation, and fraud and caused him to suffer $9 million in damages. Following the trial court's grant of summary judgment to

Collier Heights, Redford appeals. We affirm because Redford failed to include in the appellate record the evidence before the trial court at the time it granted summary judgment.

In his amended notice of appeal, Redford requested that the clerk *transmit only* the complaint, his motion for judgment as a matter of law, his motion for jury trial, his motion to compel defendants to produce documents, his reply to Collier Heights's response to his motion for judgment as a matter of law, his motion to dismiss Collier Heights's motion for summary judgment, and "[a]ll reported and unreported opinions governing the decisions on this case." "This notice of appeal is not in the form directed by OCGA § 5-6-37 in that, rather than designating the portions of the record to be omitted on appeal, [Redford] has instructed that only the items listed on the [amended] notice of appeal be included in the record sent to this [C]ourt." (Punctuation omitted.) *Moulton v. Wood*.[1] The purpose of OCGA § 5-6-37 is to allow appellate courts to determine if the record before them contains the same evidence that was before the trial court at the time it ruled. *Moulton*, supra, 265 Ga. App. at 389.

In considering the grant of summary judgment, "we and the trial court must look at the entire record." (Punctuation omitted.) *Moulton*, supra, 265 Ga. App. at 389. "It is well established that the burden is on the party alleging error to show it affirmatively by the record and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." *Wheeling-Culligan v. Allen*.[2] Consequently,

> appellants who omit portions of the record which they view as not pertaining to any issue on appeal create a probably fatal defect in their appeals. Such omissions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal.

(Punctuation omitted.) *Moulton*, supra, 265 Ga. App. at 389-390.

In this matter, we have determined, after study of the record and review of both parties' briefs, that Collier Heights's motion for

---

[1] *Moulton v. Wood*, 265 Ga. App. 389, 389 (593 SE2d 911) (2004).
[2] *Wheeling-Culligan v. Allen*, 243 Ga. App. 776, 777 (533 SE2d 797) (2000).

summary judgment, its statement of undisputed facts, and several exhibits, including Redford's deposition, have been omitted based on the record designation in Redford's amended notice of appeal. Given that Redford has omitted material evidence from the record on appeal, "we must presume that the superior court record properly supports the grant of summary judgment in favor of [Collier Heights]." *Moulton*, supra, 265 Ga. App. at 390. See *Regency Executive Plaza Unit Owner's Assn. v. Wilmock, Inc.*[3] Accordingly, we affirm the grant of summary judgment.

In light of our decision, Collier Heights's motion to dismiss Redford's appeal, which was filed contemporaneously with its appellee's brief, is moot.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MAY 22, 2009 — 

Mike Redford, *pro se*.

*Lenner, Schatten & Behrman, Kenneth I. M. Behrman*, for appellees.

[3] *Regency Executive Plaza Unit Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 195 (514 SE2d 446) (1999).
[1] *Stewart v. State*, 268 Ga. 886, 887 (494 SE2d 665) (1998).