A09A1721. ARMSTRONG et al. v. RAPSON.
(683 SE2d 915)

BLACKBURN, Presiding Judge.

In this medical malpractice action involving a sponge left in a patient, Dr. Ned Armstrong and his professional corporation (Orthopaedic Surgery, P.C.) appeal from the denial of their motion for summary judgment. They claim no evidence showed that Dr. Armstrong acted negligently in the surgery at issue. Because defendants omitted from the appellate record evidence relied on by the trial court in denying summary judgment, we must affirm.

We note first that the notice of appeal filed by defendants Dr. Armstrong and his corporation was not in the form directed by OCGA § 5-6-37 in that, rather than designating portions of the record to be omitted on appeal, defendants instructed that only items listed on the notice of appeal be included in the record sent to this court. Under the statutory scheme, the notice of appeal provides information concerning omission of portions of the record before the lower court. See *Bennett v. Exec. Benefits.*[1] Thus, we are unable to discern from the notice of appeal what evidence was omitted from the appellate record.

Nonetheless, as in *Bennett,* "after study of the record sent up

---

[1] *Bennett v. Exec. Benefits,* 210 Ga. App. 429 (436 SE2d 544) (1993).

and communication with the clerk of the court below, it is apparent that under the directions contained in the notice of appeal, some portion of the evidence upon which the [trial] court relied in this case has been omitted from the record on appeal." Id. For example, several depositions on file in the trial clerk's office were not included in the appellate record designated by defendants, including the deposition of an expert nurse Stevenson, who apparently testified as to the meaning of a key medical record on the surgery at issue and the sponge count and who was quoted to this effect in plaintiff's brief in opposition to summary judgment.

Under such circumstances, we must affirm.

> When this court reviews the grant of summary judgment, we must look at the entire record before the trial court. It is well established that the burden is on the party alleging error to show it affirmatively by the record and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.

(Punctuation omitted.) *Advanced Electrical Systems v. Turkin.*[2] Thus, we have consistently affirmed the trial court's summary judgment order where the appellant has omitted a deposition or other evidence from the appellate record, especially where, as here, the trial court stated in its order that it has relied on "the entire record" in reaching its decision. See id.; *Roach v. Roach.*[3] "As appellants have omitted from the record some portion of the evidence upon which the state court relied, we must affirm." *Transport Indem. Co. v. Hartford.*[4] See *Regency Exec. Plaza Unit Owner's Assn. v. Wilmock, Inc.*;[5] *Moulton v. Wood.*[6]

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED AUGUST 28, 2009.

*Huff, Powell & Bailey, Randolph P. Powell, Jr., Camille N. Jarman*, for appellants.

---

[2] *Advanced Electrical Systems v. Turkin*, 288 Ga. App. 799, 799-800 (655 SE2d 685) (2007).

[3] *Roach v. Roach*, 237 Ga. App. 264, 265 (514 SE2d 44) (1999).

[4] *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266 (401 SE2d 294) (1990).

[5] *Regency Exec. Plaza Unit Owner's Assn. v. Wilmock, Inc.*, 237 Ga. App. 193, 194-195 (514 SE2d 446) (1999).

[6] *Moulton v. Wood*, 265 Ga. App. 389, 389-390 (593 SE2d 911) (2004).

*Hubert E. Hamilton III*, for appellee.