**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J. and SELF, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 10, 2017**

# In the Court of Appeals of Georgia

A17A1004. TURNER et al. v. NATIONAL COLLEGIATE SE-038
     STUDENT LOAN TRUST 2007-4.

SELF, Judge.

This appeal arises from a suit on a promissory note and the trial court's grant of summary judgment in favor of the lender. On appeal, the appellants, Bianca and Wilbur Turner, assert that the trial court erred because: (1) the record failed to establish a valid assignment of the note to the appellee, National Collegiate Student Loan Trust 2007-4; and (2) an affidavit from Bianca Turner shows that she was not properly served with the summons and complaint. We cannot reach the merits of these claims, however, because the record before does not include documents critical to the appeal.

The notice of appeal in this case states that only certain listed items will be included in the record, and that all other documents, which are not identified, should be excluded. This is exactly opposite the manner prescribed for a notice of appeal by OCGA § 5-6-37 (notices of appeal shall include "a designation of those portions of the record to be omitted from the record on appeal"). Consequently, the record before us is missing documents critical to appellate review of the trial court's grant of summary judgment: the affidavit of Bianca Turner stating where she resided at the time of the allegedly defective service; the return of service for the complaint; and an affidavit from a records custodian regarding the assignment of the loan.

> Georgia's appellate courts have made it clear that where the record is incomplete as the result of an appellant's failure to comply with the requirements of OCGA § 5-6-37, the order of the trial court will be affirmed. An affirmance is required under such circumstances because on appeal the burden is on the appellant, as the party alleging error, to show affirmatively from the record that such error occurred. When the appellant fails to meet that burden, we have no choice but to assume that the judgment complained of is correct and to therefore affirm the same.

(Citations and punctuation omitted.) *Curry v. Miller*, 328 Ga. App. 564, 565 (763 SE2d 489) (2014). In accordance with this well-established law, we too must assume

2

that the record supports the trial court's grant of summary judgment in favor of the lender and affirm.

*Judgment affirmed. Dillard, C. J., and Ray, P. J., concur*.