**SECOND DIVISION**
**MILLER, P. J.,**
**ELLINGTON, P. J., and ANDREWS, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 14, 2018**

# In the Court of Appeals of Georgia

A18A0445. BROCK et al. v. DAUGHERTY.

ANDREWS, Judge.

Gail and James Brock sued Dion Daugherty, an adjoining landowner, for damages resulting from excavations performed by Bruce Swartley on Daugherty's property that impermissibly removed soil from the Brocks' property.[1] The Superior Court of Crawford County granted Daugherty's motion for summary judgment, and the Brocks appeal, contending they are entitled to equitable relief pursuant to OCGA § 23-1-14. However, the state of the record on appeal precludes us from properly reviewing this case de novo. Therefore, we affirm.

---

[1] The Brocks also initially sued Peach State Excavation, LLC and H. Alton Tucker.

The Brocks alleged that Daugherty allowed Peach State Excavation, LLC and H. Alton Tucker to remove "approximately 260 loads of soil" that was "uniquely well suited for use in ground foundation for the construction of buildings and roadbeds." Daugherty moved for summary judgment, relying upon the pleadings in the case, Daugherty's affidavit and attached exhibits, 12 depositions, "[e]xhibits attached to the Complaint," and "[a]ll other material of record."[2] The trial court granted Daugherty's motion, noting that it had "carefully considered the entire file in this civil action including all pleadings, briefs and affidavits, and argument of counsel. . . ." This appeal followed.

Among other criteria, OCGA § 5-6-37 mandates that a notice of appeal shall include "a designation of those portions of the record to be omitted from the record on appeal" and "shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." Although the Brocks' notice of appeal contains a statement that "[t]he transcript of evidence and proceedings will

---

[2] Daugherty's motion also referenced a brief in support of the motion, which was not included with the original record on appeal and, despite an order from this Court, is still not a part of the record.

be filed for inclusion in the record on appeal[,]"[3] it does not identify those portions of the record that should be excluded on appeal.[4] See OCGA § 5-6-37. And unlike other cases we have examined, nor does the notice of appeal contain a statement of what should be included in the record.[5] See, e. g., *Turner v. National Collegiate Student Loan Trust 2007-4*, 342 Ga. App. 835 (803 SE2d 797) (2017); *Redford v. Collier Heights Apartments*, 298 Ga. App. 116, 117 (679 SE2d 120) (2009). To the contrary, the notice of appeal is completely silent concerning the content of the record on appeal.[6] As a result, the Brocks' notice of appeal fails its rudimentary function "to

---

[3] The transcript that is included in the record on appeal consists of the parties' arguments on Daugherty's motion in limine and motion for summary judgment. No evidence is contained in the transcript.

[4] For this reason, the Brocks' argument that Daugherty "was afforded 15 days after notice of [the Brocks'] brief to supplement the record" is both legally incorrect and misplaced. OCGA § 5-6-42 provides that "[i]f the appellant designates any matter to be omitted from the record on appeal as provided in Code Section 5-6-37, the appellee may, *within 15 days of serving of the notice of appeal by appellant*, file a designation of record designating that all or part of the omitted matters be included in the record on appeal." (Emphasis supplied.) Because the Brocks did not make *any* designations concerning the record on appeal, the remedy codified in OCGA § 5-6-42 was not available to Daugherty.

[5] We note that such a designation, even if included in the notice of appeal, is also contrary to OCGA § 5-6-37.

[6] Briefing by the parties in this Court suggests that counsel for the Brocks communicated with the clerk of the trial court to complile the record on appeal. While

3

allow [this Court] to determine if the record before [it] contains the same evidence that was before the trial court at the time it ruled." (Citation omitted.) *Redford*, 298 Ga. App. at 117. "Nonetheless, after study of the record sent up . . ., it is apparent that . . . some portion of the evidence upon which the superior court relied in this case has been omitted from the record on appeal." *Bennett v. Executive Benefits, Inc.*, 210 Ga. App. 429 (436 SE2d 544) (1993).

"It is well established that the burden is on the party alleging error to show it affirmatively by the record. . . ." (Citation omitted.) *Armstrong v. Rapson*, 299 Ga. App. 884, 885 (683 SE2d 915) (2009). See also *Turner*, 342 Ga. App. at 835; *Curry v. Miller*, 328 Ga. App. 564, 565 (763 SE2d 489) (2014). To that end, "[w]hen this court reviews the grant of summary judgment, we must look at the entire record before the trial court." (Citation omitted.) *Armstrong*, 299 Ga. App. at 885. See also *Redford*, 298 Ga. App. at 117 ("In considering the grant of summary judgment, we and the trial court must look at the entire record.") (citation and punctuation omitted). "[A]nd where the proof necessary for determination of the issues on appeal is omitted

counsel for appellants are free to engage in such communications with the clerks of the trial courts to prepare the record on appeal and to confirm that the record is correct, appropriately inclusive, and properly transmitted to the appellate courts, the results of those communications should be memorialized in a notice of appeal that comports with the requirements of OCGA § 5-6-37. That was not done in this case.

from the record, an appellate court must assume that the judgment below was correct and affirm." *Armstrong*, 299 Ga. App. at 885.[7] See also *Turner*, 342 Ga. App. at 835; *Curry*, 328 Ga. App. at 565. As a result,

> appellants who omit portions of the record which they view as not pertaining to any issue on appeal create a probably fatal defect in their appeals. Such omissions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal.

*Redford*, 298 Ga. App. at 117.

"[W]e have consistently affirmed the trial court's summary judgment order where the appellant has omitted a deposition or other evidence from the appellate record, especially where, as here, the trial court stated in its order that it has relied on 'the entire record' in reaching its decision." *Armstrong*, 299 Ga. App. at 885. In this case, the record does not contain Daugherty's brief in support of his motion for

---

[7] It is true that "it is permissible for an appellant to submit only a portion of the record below to this [C]ourt. . . ." (Citation and punctuation omitted.) *Hospital Authority of Valdosta/Lowndes County v. Brinson*, 330 Ga. App. 212, 214 (1) (767 SE2d 811) (2014). However, such designations are governed by the requirements of OCGA § 5-6-37, which the Brocks neglected to follow.

summary judgment or ten of the twelve depositions upon which Daugherty relied in support of his motion. While portions of the record may well be irrelevant to the narrow issue from which the Brocks appeal, the absence of these documents generally and Daugherty's brief in support of his motion for summary judgment specifically, coupled with the failure to identify any contents of the record on appeal in the Brocks' notice of appeal, precludes our de novo review of this case. Accordingly, "[a]s appellants have omitted from the record some portion of the evidence upon which the [trial] court relied, we must affirm." (Citations omitted.) *Armstrong*, 299 Ga. App. at 885.[8]

*Judgment affirmed. Miller, P. J., and Ellington, P. J., concur.*

---

[8] The Brocks are not rescued by their reliance upon Court of Appeals Rule 20, which provides, in relevant part, that "Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating to . . . transmittal of the record to this Court, unless objection thereto was made and ruled upon in the trial court before transmittal. . . ." Rule 20 addresses the failure to timely supply a record or transcript for appeal and not the content of the record itself, and it is therefore inapplicable here. See, e. g., *Chandler v. Liberty Mut. Fire Ins. Co.*, 333 Ga. App. 595, n. 1 (773 SE2d 876) (2015); *Lipsteuer v. CSX Transp.*, 236 Ga. App. 806, n. 1 (513 SE2d 532) (1999).