# Court of Appeals
# of the State of Georgia

ATLANTA,  May 12, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1840. TABITHA MOCK v. CAR BLISS, LLC et al.

In this civil action, Tabitha Mock filed a notice of appeal to this Court from the trial court's order denying, without elaboration, her motion for judgment notwithstanding the verdict or for a new trial. In her notice of appeal, Mock specified that the only items to be included with the appellate record were the defendants' motions to dismiss and for summary judgment (though not the supporting briefs), the trial court's order on the motions for summary judgment, and the transcript from the hearing on Mock's post-trial motion; all other items were expressly omitted. See OCGA § 5-6-37 (notice of appeal shall designate the portion of the record to be omitted). Importantly, Mock did not designate for inclusion the complaint, the judgment, or her post-trial motion. Given these gaps in the appellate record, Mock fails to establish that we have jurisdiction to consider this appeal and gives us nothing to review. See *Todd v. Todd*, 287 Ga. 250, 250(1) (696 SE2d 323) (2010) (it is incumbent on an appellate court to inquire into its own jurisdiction).

The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739(4) (734 SE2d 560) (2012). A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). The filing of a timely motion for new trial or for judgment notwithstanding the verdict extends the time for filing a notice of appeal until 30 days after entry of an order disposing of such post-trial motion. Id. To be timely, a motion for new trial or for judgment notwithstanding the verdict must be filed within 30 days of entry of the

judgment. See OCGA §§ 5-5-40(a), 9-11-50(b). However, the filing of an *untimely* motion for new trial or judgment notwithstanding the verdict does not extend the time for filing of a notice of appeal. *Jarrard v. Copeland*, 205 Ga. App. 20, 21 (421 SE2d 84) (1992) (dismissing appeal because motion for new trial or judgment notwithstanding the verdict was filed more than 30 days after entry of judgment).

In this case, we do not know when the trial court's judgment was entered or when Mock filed her post-trial motion because she instructed the trial court clerk to exclude those items from the appellate record. Therefore, we are unable to determine whether Mock's notice of appeal was timely filed and, accordingly, whether we have jurisdiction to consider this appeal.

Even assuming we have jurisdiction to consider the appeal, it presents nothing to review. Because Mock failed to designate for inclusion in the appellate record the judgment or her post-trial motion, we have no basis for reviewing any claims of error related to the judgment or the order denying her post-trial motion. See *Cuyler v. Capital One Bank (USA)*, 304 Ga. App. 687, 689(4) (698 SE2d 14) (2010) (because appellate record did not include copies of motions at issue on appeal, "there is nothing for this Court to review"); *Redford v. Collier Heights Apartments*, 298 Ga. App. 116, 117 (679 SE2d 120) (2009) ("'[A]ppellants who omit portions of the record which they view as not pertaining to any issue on appeal create a probably fatal defect in their appeals. Such omissions from the appellate record . . . generally prove fatal to appellate review[.]'").

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/12/2026*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*