## A09A2031, A09A2032. ROBERTS v. WINDSOR CREDIT SERVICES (two cases).
### (687 SE2d 647)

BLACKBURN, Presiding Judge.

In this civil action, Windsor Credit Services filed a petition to foreclose on a motor vehicle purchased by Grady Roberts after Roberts failed to make payments that were due pursuant to a financing agreement. In Case No. A09A2031, Roberts appeals the trial court's denial of his motion to dismiss Windsor Credit's petition and his motion to set aside the judgment, arguing that the motions should have been granted because Windsor Credit failed to effect proper service of process and because Windsor Credit was not in privity of contract with him and did not possess a security interest in the vehicle. In Case No. A09A2032, Roberts appeals the trial court's order setting the amount for him to pay into the court's registry pending his appeal in Case No. A09A2031, arguing that the trial court misinterpreted the statute regarding such payments.[1] Because these two appeals involve the same parties, set of facts, and principles of law, we consolidate them for review.

The record shows that Roberts purchased the subject motor vehicle on May 20, 2003, pursuant to a financing agreement with Mercedes Benz Credit Corporation. In April 2007, he began defaulting on the payments due under the agreement. Consequently, on September 24, 2008, Windsor Credit, acting on behalf of Mercedes Benz Credit Corporation, filed a petition for foreclosure on the

---

[1] OCGA § 44-14-234 (2).

vehicle in the State Court of Fulton County. Roberts was served via tack and mail, pursuant to OCGA § 44-14-232 (a), and filed an answer on November 10, 2008. On December 9, 2008, the trial court held a hearing on the matter, during which Roberts moved for dismissal of the petition on the ground that Windsor Credit had failed to perfect service of process and thus the trial court did not have personal jurisdiction over him. On that same day, the court denied Roberts's motion and issued an order granting Windsor Credit's foreclosure petition. In addition, the court also issued a writ of possession to Windsor Credit and a turnover order, directing Roberts to turn over the vehicle to the sheriff.

On December 15, 2008, Roberts filed a motion to set aside the judgment, arguing, again, that service of process was insufficient and that Windsor Credit had failed to prove that it was in privity of contract with him. That same day, Roberts filed a notice of appeal to the Superior Court of Fulton County, stating that he was appealing the trial court's December 9, 2008 order. On January 20, 2009, after a hearing, the court denied Roberts's motion to set aside the judgment. On February 24, 2009, the trial court dismissed his appeal to the Superior Court, and on that same day, Roberts filed a notice of appeal to this Court, stating that he was appealing the dismissal of his earlier notice of appeal and the denial of his motion to set aside the judgment.

In addition, on May 29, 2009, the trial court held a hearing, pursuant to OCGA § 44-14-234 (2), and determined that Roberts had to pay $29,000 into the court registry pending his appeal. Roberts filed a notice of appeal of this order to this Court on June 8, 2009.

## Case No. A09A2031

1. In Case No. A09A2031, Windsor Credit filed a motion to dismiss Roberts's appeal with this Court, and therefore we must first address whether we have jurisdiction in this matter. Specifically, Windsor Credit argues that Roberts's appeal should be dismissed as untimely because he filed his notice of appeal more than 30 days after the trial court's January 20, 2009 denial of his motion to set aside the judgment. We disagree.

Roberts's February 24, 2009 notice of appeal to this Court states that he is appealing the trial court's dismissal on that same day of his notice of appeal to the Superior Court. "[T]he dismissal of an appeal by the trial court is subject to direct appeal." *Rodriguez v. Nunez.*[2]

---

[2] *Rodriguez v. Nunez*, 252 Ga. App. 56, 58 (1) (555 SE2d 514) (2001).

We note that none of Roberts's enumerations of error on appeal pertain to the dismissal of his notice of appeal to the Superior Court, but rather address other orders rendered in the case.

> Notwithstanding that none of the errors enumerated pertain to the directly appealable [February 24 dismissal] from which the appeal in [Case No. A09A2031] was taken, we have appellate jurisdiction pursuant to OCGA § 5-6-34 (d) to review other orders rendered in the case which may affect the proceedings and which are raised in the appeal.

*Threatt v. Rogers*.[3] Indeed, that statute provides:

> Where an appeal is taken under any provision of (a), (b), or (c) of this Code section, all judgments, rulings or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final. . . .

Thus, having filed a notice of appeal from the dismissal of his notice of appeal to the Superior Court, Roberts can also appeal other rulings, including the denial of his motion to set aside the judgment. See *White v. SunTrust Bank*;[4] *Pierce v. Wendy's Intl.*[5] Accordingly, we deny Windsor Credit's motion to dismiss this appeal.

2. Roberts contends that the trial court erred in denying his motion to dismiss Windsor Credit's petition, arguing that the motion should have been granted because Windsor Credit failed to effect proper service of process and because Windsor Credit was not in privity of contract with him and did not possess a security interest in the vehicle. To resolve each of these issues requires us to review the evidence and testimony submitted by the parties during the hearings on the foreclosure petition and Roberts's motion to set aside the judgment; however Roberts did not include those transcripts in the appellate record.

In this matter, the trial court held a hearing on Windsor Credit's foreclosure petition, during which Roberts moved to dismiss the petition on the grounds that Windsor Credit had not perfected service of process and was not in privity of contract with him. After

---

[3] *Threatt v. Rogers*, 269 Ga. App. 402, 403 (604 SE2d 269) (2004).

[4] *White v. SunTrust Bank*, 245 Ga. App. 828 (1) (538 SE2d 889) (2000).

[5] *Pierce v. Wendy's Intl.*, 233 Ga. App. 227, 228 (1) (504 SE2d 14) (1998).

granting Windsor Credit's petition and denying Roberts's motion to dismiss, the trial court held a hearing on Roberts's motion to set aside the judgment, during which the service and privity issues were again allegedly argued. However, Roberts has failed to include a transcript of either hearing in the appellate record. In addition, the clerk of the State Court of Fulton County has confirmed that his records indicate that no hearing transcripts were filed. Thus, we have no means to determine what evidence was introduced in support of either party's position on these issues. Although Roberts did include a certified mail receipt in the record, which he claims supports his contention that Windsor Credit did not mail the foreclosure petition to him at his known address on the same day that it tacked the petition to his residence and thus violated OCGA § 44-14-232 (a), there is no indication in the record that this receipt was submitted as evidence at either of the hearings where this issue was argued. In fact, the receipt appears to have been filed with the trial court on March 19, 2009, which was nearly two months after the hearing on Roberts's motion to set aside the judgment.

"The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Punctuation omitted.) *Hosseini v. Donino*.[6] "Where, as here, the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Punctuation omitted.) *Quarterman v. Lee*.[7] Moreover, no statutorily authorized substitutes for the hearing transcripts were submitted. See *Alexander v. Jones*.[8] Accordingly, we must affirm the trial court's judgment in denying Roberts's motion to dismiss and his motion to set aside the judgment. See *Quarterman*, supra, 291 Ga. App. at 603-604; *Hosseini*, supra, 222 Ga. App. at 697 (1).

### Case No. A09A2032

3. In Case No. A09A2032, Roberts contends that the trial court erred in setting the amount for him to pay into the court's registry pending his appeal in Case No. A09A2031, arguing that the trial court misinterpreted the statute regarding such payments. This contention is without merit.

---

[6] *Hosseini v. Donino*, 222 Ga. App. 697 (1) (475 SE2d 665) (1996).

[7] *Quarterman v. Lee*, 291 Ga. App. 603 (662 SE2d 234) (2008).

[8] *Alexander v. Jones*, 216 Ga. App. 360, 361 (1) (454 SE2d 539) (1995).

OCGA § 44-14-234 (2) provides:

> If the plaintiff and the defendant disagree as to the amounts actually due or to become due, the court shall set a hearing date to determine the amount to be paid into the court. At the hearing, the parties may submit to the court any evidence of the amounts actually due or to become due, including any security agreement and evidence of any claims or defenses arising out of the same transaction, for the purpose of establishing the actual amount of the payments to be paid into the registry of the court. . . .

In this matter, the trial court held a hearing, pursuant to the statute, after which it ordered Roberts to pay $29,000 into the court's registry. Thus, to resolve the issue of whether the trial court's ruling was correct, we must review the evidence and testimony submitted during that hearing. However, Roberts, again, did not include the hearing transcript in the appellate record. Accordingly, we must affirm the trial court's judgment determining the amount Roberts must pay into the court's registry. See *Quarterman*, supra, 291 Ga. App. at 603-604; *Hosseini*, supra, 222 Ga. App. at 697 (1).

*Judgments affirmed in Case No. A09A2031 and Case No. A09A2032. Adams and Doyle, JJ., concur.*

DECIDED DECEMBER 2, 2009.

*Valerie G. Adams*, for appellant.
*Lefkoff, Rubin & Gleason, Philip L. Rubin*, for appellee.