A11A1889, A11A1931. FARMER et al. v. BRANCH BANKING & TRUST COMPANY (two cases).

(718 SE2d 867)

MCFADDEN, Judge.

In these consolidated appeals, Dana D. Farmer and Howard Smith contend that the trial court erred in approving the applications of Branch Banking & Trust Company (the Bank) to confirm the foreclosure sales of two pieces of real property. They argue that Farmer did not receive the notice required for confirmation under OCGA § 44-14-161 (c); that the court should have dismissed Smith from the confirmation proceeding on one of the properties due to his "lack of any involvement" in the loan; and that the Bank's evidence of the true market value of the properties at the time of foreclosure was incompetent. The appellate record does not contain a transcript of the evidence and testimony at the confirmation hearing. Conse-

quently, Farmer and Smith have not met their burden as appellants of demonstrating error by the record, and we must affirm.

"The trial court is the trier of fact in a confirmation proceeding, and [we] will not disturb its findings if there is any evidence to support them. We are not, however, bound by the trial court's conclusions of law, which are subject to de novo review." (Citations and punctuation omitted.) *TKW Partners v. Archer Capital Fund*, 302 Ga. App. 443 (691 SE2d 300) (2010).

After a hearing on the confirmation applications at which evidence was presented, the trial court concluded that the Bank had "fulfilled all the legal requirements of conducting a non-judicial foreclosure sale required by statute, including notice, advertisement and conduct of sale" and that the properties had been sold for their true market values in the foreclosure proceedings.

In their claims of error, Farmer and Smith challenge whether Farmer received the statutorily-required notice under OCGA § 44-14-161, whether Smith had "any involvement" with the loan on one of the properties, and whether the Bank presented evidence that the properties brought their true market values in the foreclosure sales. To resolve each of these issues requires us to review the evidence and testimony submitted by the parties during the confirmation hearing. Farmer and Smith, however, did not include the transcript of that hearing in the appellate record, and no statutorily authorized substitute for the hearing transcript was submitted. See *Alexander v. Jones*, 216 Ga. App. 360, 361 (1) (454 SE2d 539) (1995). Thus, we have no means to determine what evidence was introduced in support of any of the parties' positions on these issues. *Roberts v. Windsor Credit Svcs.*, 301 Ga. App. 393, 396 (2) (687 SE2d 647) (2009).

> The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. Where, as here, the transcript is necessary for review and [the] appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.

(Citations and punctuation omitted.) *Roberts*, supra at 396 (2). Accordingly, we must affirm the trial court's judgments granting the Bank's confirmation applications. Id.

*Judgments affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 14, 2011.

Dana D. Farmer, *pro se.*

Howard Smith, *pro se.*

*Patrick J. Geheren, W. Anthony Collins, Jr., James R. Fletcher II,* for appellee.