**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

April 23, 2013

# In the Court of Appeals of Georgia

A13A0362. COX v. BANK OF AMERICA, N.A.

MILLER, Judge.

Thomas Cox sued Bank of America (the "Bank") to collect amounts he paid the Bank when it allegedly informed him that certain money transfers were fraudulent. The Bank moved to dismiss Cox's complaint for failure to state a claim upon which relief could be granted. Following a hearing, the trial court granted the Bank's motion. Cox appeals pro se, contending that the trial court erred in failing to provide adequate discovery, relying on hearsay evidence to make its judgment, and granting the Bank's motion to dismiss. Finding no error, we affirm.

As an initial matter, we note that Cox's brief fails to comport with the rules of this Court in several ways. First, Cox fails to make a single citation to the record to support any of his assertions. "Each enumerated error shall be supported in the brief

by specific reference to the record or transcript. In the absence of such reference, the Court will not . . . consider such enumeration." Court of Appeals Rule 25 (c) (2) (i). Second, Cox has listed three enumerations of error, but the argument in his brief fails to follow the order and number of the enumeration of errors, as required by Court of Appeals Rule 25 (c) (1). The argument itself does not even address each enumeration of error. "As this Court has noted in the past, such briefs hinder this Court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown to a pro se appellant." (Punctuation and footnote omitted.) *Slmbey v. State*, 288 Ga. App. 717, 718 (655 SE2d 223) (2007). Nevertheless, because the record in this case is fairly small, and the Bank has provided sufficient citations to the record, we will address the merits of Cox's appeal.

1. Cox contends that the trial court erred in not allowing adequate discovery because it should have granted his motion for production of documents. The trial court ordered the Bank to respond more completely to two of Cox's interrogatories. After the Bank responded to these interrogatories, Cox moved for production of documents. The trial court found that the Bank had complied with its discovery obligations. "[W]e will not reverse a trial court's ruling on discovery matters absent

2

a clear abuse of discretion." (Citations and punctuation omitted.) *Norfolk Southern R. Co. v. Hartry*, 316 Ga. App. 532, 533 (729 SE2d 656) (2012). Cox fails to show a clear abuse of discretion here.

2. Cox contends that the trial court erred in dismissing his complaint and improperly relied upon hearsay evidence to do so. Cox does not cite to anything in the record or order to show that the trial court relied upon hearsay evidence in dismissing his complaint. "We will not presume the trial court committed error where that fact does not affirmatively appear in the record." (Citation omitted.) *Johnson v. Equicredit Corp.*, 238 Ga. App. 380 (1) (517 SE2d 353) (1999).

As for Cox's complaint, to the extent we can determine his cause of action, it appears to be one based on fraud. Notably, in a few sentences, Cox appears to allege that the Bank gave him false information that he relied upon to his detriment. Even if we construe the pleading in the light most favorable to Cox, fraud requires "five essential elements: a false representation, scienter, inducement, reliance, and injury resulting from reliance on the false representation. Further, fraud must be pled with particularity. OCGA § 9-11-9 (b)." (Citation and punctuation omitted.) *Little v. Fleet Finance*, 224 Ga. App. 498, 500 (1) (481 SE2d 552) (1997). In this case, even if Cox's allegations are considered as true on a motion to dismiss, he has not alleged

3

sufficient facts to make out a prima facie case of fraud. Id. Therefore, we affirm the trial court's dismissal of Cox's complaint.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*