**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0531.  BRANCH  BANKING  &  TRUST  COMPANY  v.
      MORRISROE et al.

MILLER, Judge.

Branch Bank & Trust Company (BB&T) sued Neil S. Morrisroe and his law

firm, McLain and Merritt, P.C. (M&M), alleging that Morrisroe breached his duty as

a notary public by falsely attesting that guarantee agreements supporting a BB&T

loan were signed in his presence.[1] The parties filed cross-motions for summary

judgment. The trial court granted summary judgment to Morrisroe and M&M and

---

[1] BB&T had also asserted claims of legal malpractice and negligent
misrepresentation against Morrisroe and M&M. The pretrial order issued in this case
reflects that BB&T abandoned these claims. A pretrial order limits and delineates the
issues for trial, and controls the subsequent course of the action. See *Long v. Marion*,
257 Ga. 431, 433 (2) (360 SE2d 255) (1987). "If a claim is omitted from the order,
it is waived." (Citations and punctuation omitted.) Id.

denied BB&T's motion, concluding that the Notary Public statute, OCGA § 45-17-8, did not provide BB&T a civil cause of action. BB&T appeals that ruling. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. O.C.G.A. § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *O'Neal v. State Farm Mut. Auto. Ins. Co.*, 243 Ga. App. 756 (533 SE2d 781) (2000).

The following facts are not disputed. Morrisroe is a licensed attorney practicing with M&M and also a licensed Notary Public. In November 2006, BB&T executed a large construction loan to 58 Sheridan, LLC that was guaranteed by John Patronis, Krisa Patronis, and Constantine Patronis. This loan was not handled by Morrisroe. The signatures of Krisa and Constantine were forged. John Patronis was the husband of Krisa and the son of Constantine.

In March 2007, BB&T made a second loan of $6.75 million to 58 Sheridan, LLC, which was closed by Morrisroe. This loan was also backed by guaranty agreements from the same guarantors, and Krisa's and Constantine's signatures were forged by John. Morrisroe did not recall notarizing these signatures, and he recalled only that Kennedy was present in his office when the guaranty arrangements were executed. Although Morrisroe attested that all of the guarantors' signatures had been "subscribed before" him, Morrisroe claimed not to have realized that he notarized the guarantees purportedly executed by Krisa and Constantine without having witnessed their signatures.

58 Sheridan, LLC defaulted on the 2007 loan and, in August 2008, BB&T sued 58 Sheridan, LLC and the guarantors.[2] BB&T subsequently became aware that John Patronis had asserted that it had been a long standing practice, known to BB&T, for him to forge the signatures of Kris and Constantine. BB&T then amended its complaint to add Morrisroe and M&M as defendants and added its claim for violation of the Notary Act, thereafter dropping its other claims against Morrisroe and M&M. The trial court granted summary judgment to Morrisroe and M&M on this sole remaining claim.

[2] Claims against the guarantors remain pending below.

3

On appeal, BB&T contends that the trial court erred in granting summary judgment to Morrisroe and M&M because it has a private cause of action for a violation of statutes governing notary actions. We disagree.

The *only* claim made by BB&T in the pretrial order is the breach of duty set out in OCGA § 45-17-8 (d), and we consider only whether that statute provides a civil cause of action. OCGA § 45-17-8 (d) pertinently provides that "[a] notary public shall not execute a notarial certificate containing a statement known by the notary to be false nor perform any action with an intent to deceive or defraud." First and second violations of this provision are misdemeanors while a third violation is a felony. OCGA § 45-17-20.

Relying upon *Anthony v. American Gen. Fin. Svs.*, 287 Ga. 448 (697 SE2d 166) (2010), BB&T argues that the Supreme Court of Georgia left open the question whether violation of OCGA § 45-17-8 (d), in conjunction with OCGA § 51-1-6, provides a viable civil cause of action. A duty cannot rest solely on OCGA § 51-1-6, however, because it merely sets forth general principles of tort law. See *Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279, 280 (1) (528 SE2d 238) (2000). BB&T relies on OCGA § 45-17-8 for this legal duty.

4

In *Anthony*, the Supreme Court of Georgia considered whether a civil cause of action arose under OCGA § 45-17-11, which sets fees for notaries. *Anthony*, supra 287 Ga. at 454 (2). In concluding that no civil cause of action existed, the Supreme Court noted that the notary statute was a penal statute that did not contain an express private cause of action. Id. at 454 (2) (a). Relying upon *Murphy v. Bajjani*, 282 Ga. 97 (647 SE2d 54) (2007), the Supreme Court stated in *Anthony* that

> civil liability may be authorized where the legislature has indicated a strong public policy for imposing a civil as well as criminal penalty for violation of a penal statute. We further explained, [in *Murphy*] however, that the indication that the legislature meant to impose a civil as well as criminal penalty must be found *in the provisions of the statute at issue*, not extrapolated from the public policy the statute generally appears to advance.

(Citation and punctuation omitted, emphasis in original.) *Anthony*, supra 287 Ga. at 455 (2) (a). Moreover, "the public policy advanced by a penal statute, no matter how strong, cannot support the implication of a private civil cause of action that is not based on the actual provisions *of* the relevant statute." Id. at 456 (2) (a) (emphasis in original).

In *May v. Jones*, 88 Ga. 308 (14 SE2d 552) (1891), the Supreme Court declined to apply vicarious liability to an employee acting as a notary public, stating

5

[t]he reason is that the notary is not a mere agent or servant of the bank, but is a public officer sworn to discharge his duties properly. He is under a higher control than that of a private principal. He owes duties to the public which must be the supreme law of his conduct. Consequently when he acts in his official capacity, the bank no longer has control over him and cannot direct how his duties shall be done. If he is guilty of misfeasance in the performance of an official act, the bank is not liable. . . . That the notary is also an employee and agent of the bank does not alter the case. There is still a sharp dividing line between his duties as agent and his duties as a public officer. When his public service comes into play, his private service is for the time suspended.

Id. at 311-312.

Accordingly, the duty owed by a notary is owed to the public, and absolutely nothing in the provisions of OCGA § 45-17-8 (d) shows that the legislature meant to authorize private civil actions. Moreover, the public policy against notarizing a false statement or performing notarial actions with the intent to deceive does not support the implication of a private cause of action. See *Anthony*, supra, 287 Ga. at 456 (2) (a).[3]

---

[3] BB&T relies on *Peters v. Hyatt Legal Svcs.*, 211 Ga. App. 587, 593 (4) (440 SE2d 222) (1993) and *Signal Knitting Mills v. Roozen*, for its argument that a civil cause of action exists for violation of the notary statute. *Peters*, however, is physical precedent only and has no precedential value. Court of Appeals Rule 33 (a). The only authority cited in *Peters* for the potential for civil liability based on notarial acts was

This is an unusual case in which an attorney representing BB&T apparently committed malfeasance and yet no claim remains against him. BB&T dismissed its claims against Morrisroe for malpractice and negligent misrepresentation that, under different circumstances, perhaps could have been, and perhaps should have been, pursued. Under the circumstances, we are constrained to affirm the trial court's ruling. Therefore, we affirm the trial court's grant of summary judgment to Morrisroe and M&M and its denial of BB&T's motion for summary judgment.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*

---

*Signal Knitting* which, citing no binding authority, stated that "we have no hesitancy in holding that liability clearly extends to the creditor named in the guaranty who was induced to extend credit in reliance upon the guaranty and its attestation." In light of *Anthony*, it appears that this statement in *Signal Knitting* has been impliedly overruled.