**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 10, 2014

# In the Court of Appeals of Georgia

A14A0103. CURRY v. MILLER.

BRANCH, Judge.

Wiley Curry sued Cheryl Lynn Miller in DeKalb County Superior Court, asserting claims for breach of contract and quantum merit. The case proceeded to trial and at the close of all evidence Miller moved for a directed verdict. The trial court granted that motion and entered judgment in favor of Miller. Curry then filed a pro se pleading captioned "Motion to Amend Findings of Fact and Judgment or, In the Alternative, for a New Trial." The trial court denied that motion and Curry then filed this pro se appeal.

In his appellate brief, Curry asserts that the trial court erred in granting Miller's motion for a directed verdict because there was evidence that would have allowed a jury to find in favor of Curry and because in granting the directed verdict the trial

court invaded the province of the jury by deciding questions of fact. Curry further asserts that the trial court erred in refusing to admit certain evidence Curry attempted to proffer at trial. Based on the record before us, we find no error and affirm.

The appellate record contains no trial transcript and this omission is the apparent result of Curry's failure to comply with OCGA § 5-6-37, which requires an appellant to specify in his notice of appeal "a designation of those portions of the record to be omitted from the record on appeal" as well as "whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." Here, Curry filed an original and an amended notice of appeal. In each of these notices, Curry designated for omission all parts of the record that predated the entry of the trial court's consolidated pretrial order "unless the same is relevant to certain parts/documents appealed . . . ." Curry also designated specific items for inclusion in the record, including "all transcripts of evidence and proceedings that [are] not omitted and that [are] relevant to [Curry's] appeal." Curry did not include in either notice of appeal an unequivocal statement that a trial transcript should or should not be included in the record. Rather, he requested that the clerk transmit those portions of any transcript (not just the trial transcript) that might be relevant to Curry's

appeal.[1] As Curry failed to specify that a trial transcript was to be included in the appellate record, none was transmitted to this Court.

Georgia's appellate courts have made clear that where the record is incomplete as the result of an appellant's failure to comply with the requirements of OCGA § 5-6-37, the order of the trial court will be affirmed. See *Yetman v. Walsh*, 282 Ga. App. 499, 500 (1) (639 SE2d 491) (2006) ("'[t]he specification that "nothing" is to be omitted from the record would not infer that the transcript is to be included, since the appellant is required to state whether the transcript will be filed, in addition to designating any portion of the record to be omitted'"), quoting *Steadham v. State*, 224 Ga. 78, 80 (1) (159 SE2d 397) (1968) (citation and footnote omitted); *McCormick v. State*, 277 Ga. App. 473 (627 SE2d 106) (2006) (appellant's failure "to specify any transcript of the evidence to be included in the record . . . failed to meet the burden cast upon him by law" and required this Court to affirm the trial court); *Tempo Carpet Co. v. Collectible Classic Cars of Ga.*, 166 Ga. App. 564 (305 SE2d 26) (1983). An affirmance is required under such circumstances because on appeal the burden is on

---

[1] Given that the clerk of the trial court did not have the benefit of Curry's appellate brief, it obviously had no way of determining whether any portions of any transcript might be relevant to Curry's appeal. More importantly, however, it is not the job of the trial court clerk to review transcripts and determine their relevancy to a particular appeal; that is the job of the appellant.

the appellant, as the party alleging error, to show affirmatively from the record that such error occurred. *Farmer v. Branch Banking and Trust Co.*, 312 Ga. App. 519, 520 (718 SE2d 867) (2011). See also *Cox v. Bank of America, N.A.*, 321 Ga. App. 806, 807 (2) (742 SE2d 147) (2013) ("[w]e will not presume the trial court committed error where that fact does not affirmatively appear in the record") (citation and punctuation omitted). When the appellant fails to meet that burden, we have no choice but to assume that the judgment complained of is correct and to therefore affirm the same. *Farmer*, 312 Ga. App. at 520. Given the absence of a trial transcript, we cannot review the evidence presented at trial to determine whether the trial court erred in granting a directed verdict in favor of Miller. Nor can we review the trial court's evidentiary rulings for possible error. Rather, "we must presume that the trial court's rulings on [these issues] were correct and affirm" the order of the trial court denying Curry's motion for a new trial . *Blazi v. Rich*, 306 Ga. App. 529, 531 (2) (702 SE2d 768) (2010) (citation omitted). See also *Austell Healthcare v. Scott*, 308 Ga. App. 393, 395 (1) (707 SE2d 599) (2011) (when the alleged error "is shown only in the appellant's brief and not by the record, we must assume that the trial court's rulings were correct") (citation and punctuation omitted).

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*