**FIFTH DIVISION
PHIPPS, P. J.,
DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 10, 2016**

# In the Court of Appeals of Georgia

A16A0694. SOMERVILLE v. WHITE.

DILLARD, Judge.

Marcus Somerville, who successfully sued Wanda White for breach of contract, appeals the trial court's judgment in White's favor as to one of her counterclaims, which sought damages for a "violation of Georgia penal laws." Specifically, the trial court awarded $500 in compensatory damages and $15,000 in punitive damages to White because it found that Somerville violated OCGA § 16-11-90, a statute that criminalizes the transmission of photography or video depicting nudity or sexually explicit conduct of an adult without his or her consent. On appeal, Somerville argues that the trial court erred by entering a judgment and awarding compensatory damages for the alleged violation of a criminal statute that does not provide for a private right of action, and that, under such circumstances, the trial court's award of punitive

damages as to that counterclaim was likewise unauthorized. For the reasons set forth *infra*, we affirm in part and reverse in part.

Although the factual circumstances underlying this case are immaterial to the purely legal issue we must resolve, a summary of the relationship between the parties is useful to provide context for the judgment being appealed.[1] Somerville and White were involved in a romantic relationship during 2012 and 2013, and after the couple ended that relationship, they remained friends. In April 2014, Somerville agreed to loan White $3,000 to help her purchase a car, and without a written agreement, he

---

[1] We note that Somerville's complaint is not included in the appellate record, and apparently, the bench trial that occurred in this case was not transcribed. Further, the trial court's final order provides very limited findings of fact and does not set forth a chronological factual background on which we can rely. However, because this appeal involves a purely legal question of statutory interpretation, we rely on the parties' underlying pleadings and appellate briefs *solely to provide context* for the instant dispute between the parties. *See Lue v. Eady*, 297 Ga. 321, 326 (2) (a) (773 SE2d 679) (2015) ( "The interpretation of statutes . . . presents a question of law for the court."). We emphasize that our recitation of the alleged facts gleaned from pleadings and briefs does *not* constitute a holding that those facts are supported by the evidence presented at trial. And to the extent that the omitted trial transcript could be considered necessary to the resolution of this appeal, we will presume that the findings of the trial court are correct. *See Cox v. Bank of Am., N.A.*, 321 Ga. App. 806, 807 (2) (742 SE2d 147) (2013) ("[W]e will not presume the trial court committed error [when] that fact does not affirmatively appear in the record." (punctuation and citation omitted)); *see also Curry v. Miller*, 328 Ga. App. 564, 565 (763 SE2d 489) (2014) ("Georgia's appellate courts have made clear that [when] the record is incomplete as the result of an appellant's failure to comply with the requirements of OCGA § 5-6-37, the order of the trial court will be affirmed.").

2

wrote a check to her for that amount. But according to White, on June 15, 2014, Somerville "began a pattern of harassing and threatening behavior" toward her when demanding repayment of the loan.

On August 1, 2014, Somerville filed this breach-of-contract action against White in magistrate court for her failure to repay the loan. White answered, asserting several affirmative defenses and counterclaims for breach of contract, intentional infliction of emotional distress, invasion of privacy, defamation, and a violation of OCGA § 16-11-90. White alleged, *inter alia*, that on two occasions after filing his complaint, Somerville went to her workplace, threatened her, and demanded money. In addition, she claimed that on August 15, 2014, Somerville accessed her email account with a password she had given him during their relationship and forwarded nude and sexually explicit photographs of her to over 300 of her email contacts. She also contended that he uploaded similar photographs to one of her social-media accounts. As to the specific counterclaim at issue, White asserted that Somerville violated OCGA § 16-11-90 when he sent the nude and sexually explicit photographs of her to her email contacts for the purpose of harassing, embarrassing, and coercing her.

On November 19, 2014, the magistrate court transferred this case to the State Court of Douglas County, Georgia, because the damages that White sought for her counterclaims exceeded its jurisdictional limits. The case ultimately proceeded to a bench trial, and on August 26, 2015, the trial court issued a judgment resolving all of the claims asserted between the parties. Specifically, the court ruled in favor of Somerville as to his breach-of-contract claim and awarded him $2,000 in principal, as well as post-judgment interest. The court also ruled in Somerville's favor as to White's counterclaims for breach of contract, intentional infliction of emotional distress, invasion of privacy, and defamation. However, the court ruled against Somerville as to White's only remaining counterclaim, which the trial court characterized as one for "Intentional Tort (O.C.G.A. § 16-11-90)." In doing so, the trial court found that Somerville violated OCGA § 16-11-90 by electronically transmitting photographs of White that depict nudity and sexually explicit conduct as defined in the statute. And noting that there was "very little evidence presented" as to actual damages, the trial court awarded White $500 in compensatory damages for her "intentional tort" counterclaim. Finally, to penalize Somerville and deter him from similar conduct in the future, the trial court also awarded White $15,000 in

4

punitive damages for his violation of OCGA § 16-11-90. This appeal by Somerville follows.[2]

1. Somerville first contends that the trial court erred in awarding civil damages to White under OCGA § 16-11-90 because it is a criminal statute that does not provide for a private right of action. We agree.

The trial court awarded civil damages under a penal statute, OCGA § 16-11-90, which criminalizes the transmission of photography or video depicting nudity or sexually explicit conduct of an adult.[3] As conceded by White, OCGA § 16-11-90 does

_____

[2] In her appellate brief, White argues that the trial court erred in rejecting her counterclaim for intentional infliction of emotional distress, but she did not file a cross-appeal raising this enumeration of error. Moreover, even if White had properly raised this issue in a cross-appeal, the bench trial was not transcribed, and as a result, White cannot cite to any evidence to support her claim of error. *See supra* note 1; *Sharp v. Greer, Klosik & Daugherty*, 256 Ga. App. 370, 372 (2) (568 SE2d 503) (2002) ("It is not the function of this [C]ourt to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (punctuation omitted)). And absent such evidence, the trial court's judgment on her counterclaim for intentional infliction of emotional distress must be affirmed. *See supra* note 1.

[3] Former OCGA § 16-11-90 (b) (2014) provides that

[a] person violates this Code section if he or she, knowing the content of a transmission or post, knowingly and without the consent of the depicted person:

5

not expressly provide for a private right of action.[4] Suffice it to say, this is fatal to her claim. As the Supreme Court of Georgia has explained, civil liability may only be authorized under a penal statute when the General Assembly has *expressly provided* for a private right of action in the textual provisions of that statute,[5] "not extrapolated

> (1) Electronically transmits or posts, in one or more transmissions or posts, a photograph or video which depicts nudity or sexually explicit conduct of an adult when the transmission or post is harassment or causes financial loss to the depicted person and serves no legitimate purpose to the depicted person; or
>
> (2) Causes the electronic transmission or posting, in one or more transmissions or posts, of a photograph or video which depicts nudity or sexually explicit conduct of an adult when the transmission or post is harassment or causes financial loss to the depicted person and serves no legitimate purpose to the depicted person.

And under OCGA § 16-11-90 (c), any person who violates the foregoing code section is guilty of "a misdemeanor of a high and aggravated nature," and any subsequent conviction for violating this code section constitutes a felony.

[4] *See generally* OCGA § 16-11-90. *Cf.* OCGA § 46-4-160.5 (creating a private cause of action for retail consumers damaged by certain violations of the Natural Gas Competition and Deregulation Act).

[5] *Anthony v. Am. Gen. Fin. Servs., Inc.*, 287 Ga. 448, 455 (2) (a) (697 SE2d 166) (2010) (punctuation omitted); *accord Murphy v. Bajjani*, 282 Ga. 197, 201 (2)

from the public policy the statute generally appears to advance."[6] The judicial task is, of course, to interpret the statute the General Assembly has passed "to determine whether it displays an intent to create not just a private right of action but also a private remedy."[7] And statutory intent, as reflected by the plain meaning of the relevant text, on this latter point is "determinative."[8] In the absence of such textual support, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute."[9] Thus, to the extent White seeks to have this court judicially amend OCGA § 16-11-90 to provide for such a private right of action, we decline to do so. It is wholly inappropriate, as well as constituting a clear violation of the separation of powers, for this Court to "fashion causes of action out of whole cloth, regardless of any perceived

---

(647 SE2d 54) (2007); *see also Troncalli v. Jones*, 237 Ga. App. 10, 12-13 (1) (514 SE2d 478) (1999); *Vance v. T. R. C.*, 229 Ga. App. 608, 610-11 (1) (a) (494 SE2d 714) (1997); *Cechman v. Travis*, 202 Ga. App. 255, 256 (1) (414 SE2d 282) (1991).

[6] *Anthony*, 287 Ga. at 455 (2) (a) (punctuation omitted); *accord Branch Banking & Trust Co. v. Morrisroe*, 323 Ga. App. 248, 250 (746 SE2d 859) (2013).

[7] *Alexander v. Sandoval*, 532 U.S. 275, 286 (II) (121 SCt 1511, 149 LEd2d 517) (2001); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (122 SCt 2268, 153 LEd2d 309) (2001).

[8] *Sandoval*, 532 U.S. at 286 (II).

[9] *Id.* at 286-87 (II).

public policy benefit."[10] Indeed, Georgia law makes clear that "the public policy advanced *by* a penal statute, no matter how strong, cannot support the implication of a private civil cause of action that is not based on the actual provisions *of* the relevant statute."[11]

Furthermore, in 2010, the General Assembly enacted OCGA § 9-2-8 (a), which explicitly provides that "[n]o private right of action shall arise from any Act enacted after July 1, 2010, unless such right is expressly provided therein."[12] And here, the

---

[10] *Schroeder v. Hamilton School Dist.*, 282 F3d 946, 951 (II) (7th Cir. 2002) (Manion, J.); *see also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102 (IV) (118 SCt 1003, 140 LEd2d 210) (1998) (holding that "the Constitution's central mechanism of separation of powers depends largely upon common understanding of what activities are appropriate to legislatures, to executives, and to courts" (punctuation and citation omitted)).

[11] *Anthony*, 287 Ga. at 456 (2) (a); *accord Morrisroe*, 323 Ga. App. at 250.

[12] It appears that the only Georgia case specifically citing OCGA § 9-2-8 (a) is a Supreme Court case in which the penal statute at issue predated OCGA § 9-2-8. *See Anthony*, 287 Ga. at 459 (2) (c). However, even in that case, the Supreme Court noted that, although OCGA § 9-2-8 was inapplicable, the newly enacted statute evinced the General Assembly's concern over "judicial creation of implied civil causes of action" and the statute's enactment "certainly counsels against deviating from [Georgia's] established precedent to find new implied civil causes of action." *See id.* Indeed, the plain language of OCGA § 9-2-8 merely reflects the General Assembly's agreement with long-standing Georgia precedent that the imposition of "civil as well as criminal penalty must be found *in the provisions of the [criminal] statute* at issue, not extrapolated from the public policy the statute generally appears to advance." *See Anthony*, 287 Ga. at 455 (2) (a).

criminal statute at issue was not enacted until April 15, 2014.[13] Thus, because OCGA

§ 16-11-90 is a criminal statute enacted after July 1, 2010, which does not expressly

provide for a private right of action, and given our longstanding precedential

authority rejecting the creation of implied private rights of action, the trial court was

clearly not authorized to award civil damages to White for Somerville's alleged

violation of that statute.[14] And although White urges this Court to hold that OCGA

---

[13] *See* 2014 Ga. Laws Act 519 (H.B. 838), codified at OCGA § 16-11-90 (2014). We note that the current version of OCGA § 16-11-90, which became effective in March 2015, is identical in all material respects to the 2014 version on which the trial court relied. *See* OCGA § 16-11-90 (2015). Indeed, in updating the statute, the General Assembly made only minor changes to certain language in OCGA § 16-11-90 (e). *See* 2015 Ga. Laws Act 9 (H.B. 90).

[14] *See* former OCGA § 16-11-90 (2014); OCGA § 9-2-8 (a); *see also Anthony*, 287 Ga. at 455 (2) (a), 459 (2) (d) (holding that a statute criminalizing certain fraudulent conduct by notaries public did not provide for a civil cause of action when nothing *in the provisions of the criminal statute itself* created such a private cause of action in favor of the victim, who was purportedly harmed by the criminal conduct); *Murphy*, 282 Ga. at 200-02 (2) (holding that a criminal statute that required certain school officials to report any commission by a student on school property of statutorily-prohibited acts did not provide a private right of action to victims of such conduct when there was nothing in the provisions of the statute creating such a private cause of action); *Smith v. Chemtura Corp.*, 297 Ga. App. 287, 294-95 (6) (676 SE2d 756) (2009) (holding that penal statutes related to criminal negligence, reckless endangerment, assault, battery, false imprisonment, and kidnapping do not provide a basis for a civil action by the alleged victim when nothing in the provisions of those statutes provide a basis for such an action); *Verdi v. Wilkinson Cty.*, 288 Ga. App. 856, 857-89 (655 SE2d 642) (2007) (holding that a penal statute, which makes it a felony to, *inter alia*, maliciously remove a dead body from a grave, does not provide

9

§ 16-11-90 gives rise to an implied civil cause of action when, as here, Somerville's actions "show willful misconduct, malice, wantonness, and the entire want of care which would raise the presumption of conscious indifference to the consequences," we are constitutionally and statutorily prohibited from doing so.[15] In sum, because White has no private right of action for her "intentional tort" counterclaim under OCGA § 16-11-90, we reverse the trial court's judgment as to that counterclaim, as well as its award of $500 in compensatory damages.

2. Somerville next argues that the trial court erred in awarding punitive damages to White because such damages are derivative of the trial court's erroneous award of civil damages under OCGA § 16-11-90. Again, we agree.

As recently explained by our Supreme Court, punitive damages must "arise from and be based upon a compensable injury, as a claim for punitive damages has

a private cause of action for a plaintiff, who was apparently attempting to protect a family cemetery, when nothing in the provisions of the statute creates a private cause of action in favor of the victim purportedly harmed by the violation of that statute).

[15] *See* GA. CONST. art. I, §2, ¶ III ("The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided."); OCGA § 9-2-8 (a).

efficacy only if there is a valid claim for actual damages to which it could attach."[16] Indeed, punitive damages may not be recovered when "there is no entitlement to compensatory damages."[17] Thus, given our holding in Division 1 *supra* (*i.e.*, that White has no private cause of action under OCGA § 16-11-90 for which the trial could award compensatory damages), we must likewise reverse the trial court's award of $15,000 in punitive damages.[18]

For all the foregoing reasons, we affirm the trial court's judgment, in part, as to Somerville's breach-of-contract claim and White's counterclaims for breach of contract, intentional infliction of emotional distress, invasion of privacy, and defamation, but we reverse, in part, its judgment in favor of White as to her "intentional tort" counterclaim and the attendant awards of compensatory and punitive damages.

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Peterson, J., concur.*

---

[16] *Carter v. Progressive Mountain Ins.*, 295 Ga. 487, 490 (761 SE2d 261) (2014) (punctuation omitted).

[17] *Id.* at 490 (punctuation omitted).

[18] *See id.*